**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Kenneth Eugene MILLER, alias "Blackie,"**
**Defendant-Appellant.**

**No. 16423.**

United States Court of Appeals
Sixth Circuit.

April 1, 1966.

Joseph C. Healy, Covington, Ky., for appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., for appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before WEICK, Chief Judge, and EDWARDS and CELEBREZZE, Circuit Judges.

PER CURIAM.

Defendant-appellant, Kenneth Eugene Miller (also known as "Blackie" Miller) appeals from a conviction after jury trial for conspiracy to violate the Mann Act by transporting a 14-year-old girl from Newport, Kentucky, to Chicago for purposes of prostitution.

Appellant's principal contention is that the evidence was insufficient to support the verdict.

The evidence discloses that the transporting of the girl from Newport, Kentucky to Chicago, Illinois, was done by one Metz, who was convicted of violating the Mann Act on both a conspiracy and a substantive count pertaining to this same trip in a prior trial. United States v. Metz, 312 F.2d 199 (C.A.6, 1963) cert.

denied, 375 U.S. 817, 84 S.Ct. 53, 11 L.Ed. 2d 52 (1963). There was evidence from which the jury could have concluded that the girl went directly from Metz's custody into Miller's brothel. Testimony also indicates that Miller bought her appropriate clothes and other appurtenances of the trade of prostitution and received a part of her earnings from it.

Appellant contends, however, that these events must be read separately from the interstate transportation, since it had come to rest before appellant's new youthful acquaintance went to work. See Twitchell v. United States, 313 F.2d 425 (C.A.9, 1963).[1]

There is evidence, however, from which the jury could have found that the trip in the instant case was made for the purpose of introducing the girl to appellant's house of prostitution. Before the all night trip from Newport to Chicago, Metz placed a long distance phone call which the government proofs indicate was to appellant's number in Chicago. Metz said the call pertained to a billiard match and had nothing to do with prostitution or the girl. But when they reached Chicago and Metz introduced the 14-year-old to appellant, she testified this colloquy followed:

"Q Was anything said upon your entering his hotel room?

"A Yes.

"Q What?

"A Gene introduced me to him.

"Q And how did he introduce you to him?

"A He said, 'Susie, this is Blackie.'

"Q Who said that?

"A Gene said that.

"Q Who did he say it to?

"A Blackie, Kenneth Eugene Miller.

"Q Blackie Miller?

"A Yes.

"Q This man here?

"A Yes.

"Q And what did Blackie Miller say?

"A Said, 'She will do fine.' "

The District Judge gave a careful instruction dealing with the problems of venue and of conspiracy. Part of it read:

"Now, this is the thing that you must first consider. In the first place, something has to be done in this Eastern District of Kentucky. You must look at the evidence in the light of the locality first, the agreement if there was one between Blackie Miller or Kenneth Eugene Miller and Eugene Donald Metz, if there was an agreement to transport this girl from Newport, Kentucky, or the Eastern District of Kentucky, out of the state, to Chicago, that agreement must have been in effect here in this Eastern District of Kentucky before any act was done to carry it out and some acts must have been done or started here in this district to complete the offense. If you believe that this girl got in a car with Metz and went to Chicago and after she got there, the agreement took place, if there was one, that she was to enter a house of prostitution, then there is no crime, you should find the defendant not guilty."

Under this instruction the jury's verdict must be read as a finding that defendant entered into a conspiracy to violate the Mann Act before Metz and the girl left Kentucky. There was evidence, and permissible inferences from evidence, from which they could properly have reached that conclusion:

"Secrecy and concealment are essential features of successful conspiracy. The more completely they are achieved, the more successful the crime. Hence the law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connections with it, without requiring evidence of knowledge of all its details * * *." Blumenthal v. United States, 332 U.S.

1. As to subsequent history of this case, see Rogers v. United States, 376 U.S. 188 (1964), 376 U.S. 916, 84 S.Ct. 670, 11 L.Ed.2d 612 (1964).

539, 557, 68 S.Ct. 248, 256, 92 L.Ed. 154 (1947).

We find no reversible error. United States v. Metz, supra; Baker v. United States, 329 F.2d 786 (C.A.10, 1964), cert. denied, 379 U.S. 853, 85 S.Ct. 101, 13 L.Ed.2d 56 (1964).

Affirmed.