## LATSES et al. v. UNITED STATES.

### No. 298.

Circuit Court of Appeals, Tenth Circuit.

Dec. 23, 1930.

F. W. James, of Salt Lake City, Utah, for appellants.

George H. Lunt, Asst. U. S. Atty., of Salt Lake City, Utah (C. R. Hollingsworth, U. S. Atty., and E. C. Jensen, Asst. U. S. Atty., both of Salt Lake City, Utah, on the brief), for the United States.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

McDERMOTT, Circuit Judge.

The defendants were charged, in seven counts of an indictment, with violations of the National Prohibition Act. The first count charges possession of whisky at No. 444 West Second South, in Salt Lake City; the second count a sale at that place to one Casey, on August 7, 1929; the third count a sale at the same time and place to one Simpson. The fourth, fifth and sixth counts similarly charged possession and sales at the same place on August 13, 1929. The seventh

count charged a nuisance. Before trial the first and fourth counts were eliminated by election of the government; the second and third were eliminated at the commencement of the trial because of a misdescription of the place; and at the close of all the evidence, the court directed an acquittal on the fifth and seventh counts, submitting to the jury only the sixth count, which charged the sale of a half pint of whisky to agent Casey. The jury convicted on this count, and the appellants were sentenced to six months in jail.

Twenty errors are assigned. Counsel for appellants states that many of his assignments, if considered alone, are not sufficient to justify reversal, but that taken together, reversible error is disclosed. Thus taking the case as a whole, it presents the ordinary case of two prohibition agents testifying to a sale, the defendants denying it, the court fairly charging the jury, and the jury convicting. A few of the assignments will be sufficient to indicate the nature of the questions presented on this appeal.

■ Error is assigned because of an alleged misjoinder of counts in the indictment. The National Prohibition Act (title 2, § 32) provides:

"In any affidavit, information, or indictment for the violation of this chapter, separate offenses may be united in separate counts and the defendant may be tried on all at one trial and the penalty for all offenses may be imposed." 27 USCA § 49.

Tested by the general requirements of the Criminal Code (18 USCA § 557) that two or more acts complained of must be connected together, or be of the same class of offenses, the indictment is good. And, in addition, the ordinary rule is that an "acquittal on one misjoined count cures the misjoinder." Beaux Arts Dresses v. United States (C. C. A. 2) 9 F.(2d) 531, 533; Morris v. United States (C. C. A. 9) 12 F.(2d) 727; Weinhandler v. United States (C. C. A. 2) 20 F.(2d) 359. In the case at bar, the trial was limited to two sales at the same time and place and the nuisance count; and but one of these sales was submitted to the jury. Nor was there any reason for separate trials. Trial courts, confronted with congested dockets, must be and are allowed a wide discretion in the matter of separate trials, and such discretion is only reviewable where there is a clear abuse thereof, and where the record discloses that the rights of the defendants are thereby prejudiced. Krause v. United States (C. C. A. 8) 147 F. 442; Lennon

v. United States (C. C. A. 8) 20 F.(2d) 490; Hale v. United States (C. C. A. 8) 25 F.(2d) 430; Brady v. United States (C. C. A. 8) 39 F.(2d) 312, 313. There is not the slightest reason advanced, in this case, for separate trials. If the government's evidence is true, the defendants were operating a saloon and jointly sold liquor to two government agents, who were together.

■ The trial court declined to exclude the witnesses from the court room. Wigmore, in his Treatise on Evidence, devotes a chapter to this subject, and concludes that it is an unobjectionable, practicable and powerful implement in the quest for truth, which ought to be demandable as a matter of right. Wigmore on Evidence (2d Ed.) c. 661. But the reasons for the sequestration of witnesses, so strongly urged by Dean Wigmore, must be advanced to the trial court, for again the matter is confided to the discretion of the trial court. Wigmore on Evidence, § 1839, Note 4; Hood v. United States (C. C. A. 8) 23 F.(2d) 472; Robilio v. United States (C. C. A. 6) 291 F. 975, certiorari denied, 263 U. S. 716, 44 S. Ct. 137, 68 L. Ed. 522. No showing was made for the application of the rule, and no abuse of discretion is disclosed.

■ Error is assigned because of the admission of evidence of a conversation between the agents and one Puluos, who was jointly charged but acquitted at the direction of the court. The conversation was admitted only as against Puluos, and the court said that it would so instruct the jury later on, if counsel would call his attention to it. This conversation was in the physical presence of appellants, but whether they overheard it is not clear. In any event, it is no more than the ordinary situation of testimony binding on but one defendant; it was clearly admissible as to Puluos, and the court offered to make that clear to the jury in his charge. There was no error in this regard.

Complaint is made of the conduct of the District Attorney in creating an atmosphere hostile to the defendants. Many incidents of the trial are referred to; we have read the entire record, and find the conduct of the trial by the District Attorney open to no criticism.

■ The court declined to charge the jury that the testimony of Prohibition Agents should be scrutinized, or received with caution. There was no error in such refusal. Much space in the briefs is devoted to the proposition that appellants were convicted on the uncorroborated evidence of Prohibition Agents, whom counsel assert to be interested

generally in securing convictions, and to an attack on the credibility of the particular agents here involved. Such arguments have no place on appeal. Error is assigned as to the rulings of the court on certain items of testimony; we have examined these and other errors assigned, and find neither error nor prejudice.

The case was fairly tried; the jury fairly charged; the judgment is, therefore, affirmed.