## DAUER v. UNITED STATES.

### No. 4228.

United States Court of Appeals
Tenth Circuit.

May 12, 1951.

Rehearing Denied May 29, 1951.

Homer Davis, Leavenworth, Kan., for appellant.

V. J. Bowersock, Asst. U. S. Atty., Topeka, Kan. (Lester Luther, U. S. Atty., Topeka, Kan., and Nicholas F. Lopes, Asst. U. S. Atty., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant John Henry Dauer and Avington Rayborn Hutchins were jointly indicted in an indictment containing two counts. Count 1 charged them with the violation of the Federal Kidnapping Statute, 18 U. S.C. § 1201 (a) and count 2 charged them with the violation of the Dyer Act, 18 U.S.C. § 2312. Each defendant was represented by separate counsel appointed by the court. The jury found them guilty on both counts. Appellant was sentenced to twenty-five years on count 1 and 5 years on count 2, the sentences to run consecutively. Hutchins has not appealed.

Appellant's contention is that the court erred in denying his motion for a separate trial. His motion for severance was based on the ground that his co-defendant Hutchins had made a written confession, in which he had tried to vindicate himself at the expense of the appellant, by claiming that appellant forced him at the point of a gun to participate in the offense, and that this created such an antagonism between the two defendants that it was impossible for appellant to have a fair trial, when tried jointly with Hutchins.

■■■■ Prior to the motion for severance, the Government announced that it did not intend to use Hutchins as a witness, neither did it intend to use his confession. The record shows that the Government did not use Hutchins as a witness, nor did it use his confession. Under Rule 14 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.,[1] the granting of a severance rests within the sound discretion of the trial court and its judgment thereon will not be reversed, except for clear abuse of discretion.[2] The mere fact that there is hostility between defendants or that one may try to save himself at the expense of another is in itself alone not sufficient grounds to require separate trials.[3] It is only when the situation is such that the exercise of common sense and sound judicial judgment should lead one to conclude that one defendant cannot have a fair trial, as that term is understood in law, that a severance should be granted. We find no such situation revealed by this record.

■■ The next contention is that the court's instructions were too meager and incomplete to guide the jury in its deliberations. The objections to the instructions are with respect to alleged hearsay testimony. F. B. I. Agents testified with respect to conversations they had with appellant's codefendant Hutchins with regard to the commission of the offense. These conversations were not in the presence of the appellant. His contention that as to him those conversations were hearsay may be conceded, as may also his further contention that the jury should have been instructed that they should not be considered in determining his guilt. No objection was made as to the admission of these conversations. Neither did appellant request that they be limited to the co-defendant Hutchins. Nor did appellant request the court to give an instruction with respect to the scope of his testimony. Rule 30 of the Federal Rules of Criminal Procedure requires one to object to the court's charge to the jury before he may assign error on the giving or failure to give an instruction. It may be conceded that it is the court's duty to instruct on the basic

1. Rule 14: "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires."

2. Brady v. United States, 8 Cir., 39 F.2d 312; Latses v. United States, 10 Cir., 45 F.2d 949; Cochran v. United States, 8 Cir., 41 F.2d 193.

3. United States v. Cohen, 2 Cir., 124 F. 2d 164.

issues necessary for the jury's guidance,[4] without request therefor, but the matter complained of here is not of that nature. It has been generally held that, where evidence is admissible as to one of several defendants, it must be received and that it then becomes the duty of those desiring that it be limited to submit a proper instruction and, failing in this, they may not predicate error on the failure to limit the scope of such testimony.[5]

Other errors are urged for reversal. We have given them consideration and find them without merit.

Affirmed.

4. Todorow v. United States, 9 Cir., 173 F. 2d 439.

5. Troutman v. United States, 10 Cir., 100 F.2d 628; Reavis v. United States, 10 Cir., 106 F.2d 982; Bryant v. United States, 5 Cir., 257 F. 378; Jarabo v. United States, 1 Cir., 158 F.2d 509.