**James GORNICK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 7301.**

United States Court of Appeals
Tenth Circuit.

July 15, 1963.

David L. Wood, Fort Collins, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted upon two counts, the first count for an escape from the Honor Farm of the United States Penitentiary at Leavenworth, Kansas, in violation of 18 U.S.C. § 751, and the second count for assaulting with a deadly weapon a federal employee while in the performance of his official duties, in violation of 18 U.S.C. § 111. Appellant moved for separate trials on each of the two counts of the indictment and the motion was denied. The case was tried before a jury and the appellant was found not guilty on Count I and guilty on Count II. Appellant filed a motion for a new trial on Count II which was denied.

The record shows that the appellant had been convicted in 1957 upon a plea of guilty to bank robbery and was being confined at the time in question at the Honor Farm of the United States Penitentiary at Leavenworth, Kansas. On the night of June 9, 1961, the officials at the Honor Farm found that the appellant was not in the dormitory as required and began a search for him. Two prison officers found the appellant walking along a highway in the vicinity of, and in the direction of the Honor Farm. When they approached him they ordered him to enter the car and he did so. As they were returning to the prison in the car, one of the officers noticed that the appellant had a knife in his hand and a scuffle ensued during which the officer was disarmed and the appellant pointed the officer's pistol at the other officer who was driving the car and demanded that he "drive on." The driver however stopped the car and pointed his own pistol at the appellant, and told him to "lay the pistol down." The appellant did so, and he was returned and placed in confinement.

The appellant on this appeal urges that the trial court abused its discretion in not granting a severance and in not providing a separate trial for each of the two counts. He further urges that the trial court was in error in denying his motion for a judgment of acquittal because there was insufficient evidence to establish the elements of the offense of assault in that fear and apprehension on the part of the victim are material elements of the crime, and there was no evidence of such fear and apprehension. Further errors are urged in the charge and in the trial court's failure to grant appellant's motion to suppress certain testimony.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that offenses may be charged in the same indictment if the acts or transactions are "connected together." The matter of motions for severance is covered by Rule 14 which provides in part that if it appears that a defendant or the government is prejudiced by the joinder of offenses, the court may order an election or separate trials. Both the parties concede that the granting of separate trials or severance is a matter of discretion for the trial court. The action of the trial court will not be reversed except for clear abuse of discretion. Dauer v. United States, 189 F.2d 343 (10th Cir.); Dennis v. United States, 302 F.2d 5 (10th Cir.). We do not believe that there has been any showing of prejudice to the appellant by the refusal to grant separate trials on each of the counts. As indicated above, appellant was found not guilty on the first count and guilty on the second. This court in Latses v. United States, 45 F.2d 949 (10th Cir.), in considering an alleged misjoinder of counts stated that the ordinary rule is that an acquittal on one misjoined count cures the misjoinder. The same holding is found in Beaux-Arts Dresses v. United States, 9 F.2d 531 (2d Cir.), where the court said that the result is the same as if the accused had been

convicted upon an indictment with but one count. The same holding is found in Morris v. United States, 12 F.2d 727 (9th Cir.), and Weinhandler v. United States, 20 F.2d 359 (2d Cir.).

■ The appellant next contends that it was error not to grant his motion for judgment of acquittal and his motion for acquittal notwithstanding the verdict. The later motion was made in conjunction with a motion for new trial. The contention is that the evidence was not sufficient to sustain the verdict for the reason that it was not shown that the officer against whom the alleged assault was made was put in fear of bodily harm. The record shows that the accused pointed a loaded revolver he had just taken from another officer at the victim and told him to drive on. The record shows that the officers customarily kept their revolvers loaded. Appellant cites Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, but in that case the question was whether the accused intended to inflict harm. The evidence was sufficient to support the verdict on this point and the jury was properly instructed on the elements of assault.

The appellant complains of the instructions given to the jury concerning possible bias of witnesses and the effect of coercion and compulsion in the commission of a crime. We have examined the instructions on these points and under the facts developed during trial, the jury was given adequate guidance and we find no error.

■■ Appellant moved unsuccessfully to suppress the testimony and evidence presented by an F.B.I. agent concerning statements made by the accused. The appellant testified that he gave him the "story" and there is no evidence that it was not so voluntarily given. There is no error in the use of memoranda by this witness when testifying. This is a matter in the discretion of the trial court. The trial court carefully and thoroughly examined this matter, and he observed the witness. There was no abuse of discretion.

Affirmed.