UNITED STATES of America,
Plaintiff,

v.

Leo V. STEFFES and Francis J. Steffes,
Defendants.

Crim. No. 240.

United States District Court
D. Montana,
Billings Division.

March 20, 1964.

Moody Brickett, U. S. Atty., Butte, Mont., and Richmond F. Allan, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Gene Huntley, Baker, Mont., for defendant Leo V. Steffes.

JAMESON, District Judge.

Defendants, Leo V. Steffes and Francis J. Steffes, are charged in one indictment, containing 11 counts, with fraud in the sale of securities to various named persons, and with conspiracy to commit such fraud. Each defendant has demanded a separate trial.

Rule 8(b), Federal Rules of Criminal Procedure, 18 U.S.C.A. provides that, "Two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

Rule 14, F.R.Crim.P., 18 U.S.C.A. provides for the granting of separate trials "(I)f it appears that a defendant * * is prejudiced by a joinder * * * in an indictment * * *."

Motions for severance are rarely granted, and separate trials should not be granted in the "absence of very strong and cogent reasons therefor". The applicable rules are well summarized in Davenport v. United States, 9 Cir. 1958, 260 F.2d 591, 594, where severance was denied in a case involving fraudulent sales of securities. The court said in pertinent part:

"This motion (for severance), of course, is addressed to the discretion of the District Judge. Such a motion is rarely granted. It was stated in Dowdy v. United States, 4 Cir., 1931, 46 F.2d 417, at page 421, 'Where two or more defendants are indicted for a joint transaction, it is inadvisable to split up the case into many parts for separate trials, in the absence of very strong and cogent reason therefor. This is especially true in conspiracy charges, from the very nature of the case.' * * *

"As Judge Augustus Hand aptly said in United States v. Fradkin,

2 Cir., 1935, 81 F.2d 56, 59 (conspiracy to use the mails to defraud): 'A man takes some risk in choosing his associates and, if he is hailed into court with them, must ordinarily rely on the fairness and ability of the jury to separate the sheep from the goats.' " [1]

 Defendant Leo V. Steffes contends that the prosecution is fully aware that it will be unable to prove joint participation of the defendants in the various alleged crimes. However, this contention merely contravenes the charges of the indictment. Its proof will be a matter for jury consideration in determination of Leo Steffes' culpability.

The fact that there may be hostility or conflict of interest between the two defendants is likewise an insufficient ground for granting a severance. In Dauer v. United States, 10 Cir. 1951, 189 F.2d 343, 344, cert. denied, 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672, the court said:

"The mere fact that there is hostility between defendants or that one may try to save himself at the expense of another is in itself alone not sufficient grounds to require separate trials. It is only when the situation is such that the exercise of common sense and sound judicial judgment should lead one to conclude that one defendant cannot have a fair trial, as that term is understood in law, that a severance should be granted. * * * "

The case of Schaffer v. United States, 1960, 362 U.S. 511, 80 S.Ct. 945, 4 L. Ed.2d 921, upon which the defendant Leo V. Steffes relies, is distinguishable. There joinder was authorized solely by reason of the conspiracy charge. At the close of the government's case, that charge was dismissed for failure of proof. Even under those circumstances the trial court and Court of Appeals

found that no prejudice resulted. In a five to four opinion, the Supreme Court affirmed, the majority opinion, however, emphasizing the fact that "in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear".

I cannot find that defendants have presented any persuasive reasons for granting a severance at this time. The demands for separate trials are denied.

1.  See also, Garcia v. United States, 5 Cir. 1963, 315 F.2d 679; United States v. Carter, 6 Cir. 1963, 311 F.2d 934, cert. denied Felice v. United States, 373 U.S. 915, 83 S.Ct. 1301, 10 L.Ed.2d 415, rehearing denied 373 U.S. 954, 83 S.Ct. 1677, 10 L.Ed.2d 708; Butler v. United States, 8 Cir. 1963, 317 F.2d 249; Opper v. United States, 1954, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101.