Lawrence Allen **BAKER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 7529.

United States Court of Appeals
Tenth Circuit.

March 25, 1964.

Rehearing Denied April 27, 1964.

David N. Brictson, Denver, Colo., for appellant.

James P. McGruder, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from a conviction on two counts of conspiracy to violate 18 U. S.C.A. § 2421 by knowingly transporting or causing to be transported women in interstate commerce for purposes of prostitution contrary to 18 U.S.C.A. § 371. The indictment charged this appellant and his common law wife. The husband only appeals.

Appellant presents three principal grounds. He urges that the trial court was in error in permitting testimony as to what he considers to be privileged conversation, and further states that under the circumstances the cautionary instructions given by the trial judge did not cure the error. Appellant's next point is that the trial court's denial of his motion for a separate trial was a reversible error. Another point of appellant is that there was insufficient evidence to support the verdict of the jury in that the Government did not adequately prove a conspiracy.

As to the denial of the motion for a severance, appellant urges that this motion, made prior to trial and during the course of trial, should have been granted because his wife, the codefendant, had given incriminating statements after her arrest to the Federal Bureau of Investigation. The appellant also urges on this point that the jury was prejudiced by reason of the fact that he is a negro and his wife is white. The wife, during the course of trial, did not take the stand, and appellant was unable to cross-examine as to her statements. He urges further that the cautionary or limiting instructions given by the trial court to the jury as to the statements made by the codefendant were not under the circumstances any protection to him.

This court has on a number of occasions considered the degree of discretion which the trial court has in determining whether or not to grant separate trials. It has uniformly been held that the trial court's discretion is broad and its action will be upheld in the absence of a clear abuse of discretion. The fact that hostility may have developed between the codefendants, or the fact that one may try to cast the blame upon the other, is not in itself a sufficient reason to require separate trials. If it clearly appears however that a defendant will not receive a fair trial without a severance when all the circumstances are considered in the light of sound judicial discretion and common sense, then the severance must be granted. Dauer v. United States, 189 F.2d 343 (10th Cir.), cert. den. 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672. In Maupin v. United States, 225 F. 2d 680 (10th Cir.), there was introduced a confession signed by one codefendant which tended to incriminate the other. This court rejected the argument that a severance should have been granted under such circumstances. We reiterated the breadth of the trial court's discretion, and found that it was not there abused. This court also stated that when a confession is introduced against one of several codefendants, the court must be extremely careful and unmistakably clear in instructing the jury that the confession is only evidence of the guilt of the one making the statement. In the case at bar, the trial court was careful to give the proper instructions as to the statement made by the wife. These were also sufficient to meet appellant's argument of prejudice. Long v. United States, 160 F.2d 706 (10th Cir.); Edwards v. United States, 206 F.2d 855 (10th Cir.); Johns v. United States, 227 F.2d 374 (10th Cir.); Dennis v. United States, 302 F.2d 5 (10th Cir.); Gornick v. United States, 320 F.2d 325 (10th Cir.); Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101. Appellant's contentions on this point are thus without merit.

Appellant's next point concerned the sufficiency of the evidence to support the

788

jury's verdict. The record shows that one of the witnesses, a prostitute named in the indictment, testified that she met appellant in Chicago and agreed she would go to Denver to live in his house and to work for him as a prostitute. She testified that appellant bought her an airplane ticket to Denver, and that he telephoned his wife in Denver, telling her to meet the witness on her arrival in Denver. The witness further testified that after her arrival there the wife instructed her as to their methods of operation, and that the witness gave the money she earned to appellant's wife. She said that the appellant returned to Denver and that she associated with him for some time thereafter. Further the other witness, who was likewise named in the indictment as one of the parties transported for the purpose of prostitution, testified that she met appellant in Denver and agreed to live in his house and to likewise work for him. She testified she was sent by appellant to Albuquerque, that he provided her transportation, and that she was also met on her arrival by appellant's wife. She also said that in Albuquerque, appellant's wife gave her instructions and received the money that she earned and thereafter forwarded it to appellant.

█ The proof necessary to support a conviction for conspiracy is necessarily not direct or clear. The nature of the offense and the secrecy involved require that the elements of the crime be established by circumstantial evidence. As the Supreme Court said in Blumenthal v. United States, 332 U.S. 539, 68 S.Ct. 248, 92 L.Ed. 154: "Secrecy and concealment are essential features of successful conspiracy. * * * Hence the law rightly gives room for allowing the conviction of those discovered upon showing sufficiently the essential nature of the plan and their connections with it, without requiring evidence of knowledge of all its details or of the participation of others. Otherwise the difficulties, not only of discovery, but of certainty in proof and of correlating proof with pleading would become insuperable, and conspirators

would go free by their very ingenuity." The Supreme Court also stated in Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, that a criminal conspiracy need not be proved by direct evidence and that a common purpose or plan may be inferred from the development or the combination of circumstances.

█ Our court has considered this issue of proof in a number of cases, including Wilder v. United States, 100 F.2d 177 (10th Cir.); Young v. United States, 168 F.2d 242 (10th Cir.), cert. den. 334 U.S. 859, 68 S.Ct. 1533, 92 L.Ed. 1779; Seefeldt v. United States, 183 F.2d 713 (10th Cir.); O'Neal v. United States, 240 F.2d 700 (10th Cir.); Jones v. United States, 251 F.2d 288 (10th Cir.); Dennis v. United States, 302 F.2d 5 (10th Cir.); McManaman v. United States, 327 F.2d 21 (10th Cir.). These cases again mention that by its nature a conspiracy is seldom susceptible of direct proof and ordinarily the crime can be established only by showing acts and conduct of the conspirators and by the inferences to be drawn therefrom. Also the convictions will be sustained if in the circumstances, the acts and conduct of the parties are of such character that the minds of reasonable men will conclude therefrom that an agreement exists. It is, of course, not essential that each conspirator participate in or have knowledge of all of the operations of the conspiracy. It is sufficient if the conspiracy is formed and the several persons convicted knowingly contributed their efforts to the furtherance of it. Berenbeim v. United States, 164 F.2d 679 (10th Cir.). The evidence in the case at bar is clearly sufficient under these standards to support the conviction of conspiracy. The agreement and its execution by the accused were established. The record shows that Baker recruited girls to work as prostitutes, sent them into other states to work for him, and received their earnings. His wife, in both the instances set out in the indictment, would meet these girls and would direct and control their work.

█ The appellant also urges that the testimony of the agent of the Federal

Bureau of Investigation as to the statement made to him by the wife of the appellant is not admissible. The appellant maintains that the trial court was in error in admitting such evidence by reason of the fact that it was privileged between husband and wife. The agent testified as to what the wife told him when she was interviewed while in jail on another charge. He argues also that the limiting instructions given to the jury did not cure this error.

The statement made by appellant's wife primarily concerned facts of which she had personal knowledge, or had received such information from witnesses in the case, rather than from the appellant. There were however several references by the wife to particular conversations with appellant. To consider specific instances, the wife did refer to a telephone call she received from the appellant. In this conversation, he told her he was putting one of the prostitutes on the train, and that she was to meet the train. It was however apparent that this advice was not intended to be confidential because the prostitute testified appellant told her about this call and what was said. Furthermore the record shows the appellant called this prostitute on the day of her arrival in Albuquerque, asked how she and his wife were getting along, and told her to give her money to his wife. There was a similar conversation relating to the other prostitute involved, and it is obvious that it was likewise not intended to be confidential. It was again shared by the wife and the prostitute. Thus there is no indication that the matters the agent testified to were intended to be privileged conversations or communications between husband and wife, and there is involved no question of the protection of marital confidence as mentioned in Wolfle v. United States, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617. The statement is otherwise, as indicated above, a recitation of the witness's participation in the conspiracy, and consequently related to her acts and the acts of others. We find no error on this point.

The appellant on this matter of privilege again argues the fact that the cautionary instructions given by the trial judge concerning the statement made by the wife were not sufficient. The record shows that the trial judge carefully cautioned the jury in a manner which was clear and direct. These instructions were proper and adequate.

We find no error, and the case is affirmed.