UNITED STATES of America, Appellee,

v.

Dennis James DAY, Appellant.

No. 75–1399.

United States Court of Appeals, Tenth Circuit.

Argued Feb. 25, 1976.

Decided April 12, 1976.

---

Robert T. Keel, Oklahoma City, Okl., for appellant.

O. B. Johnston, III, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., with him on the brief), for appellee.

Before SETH, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

Appellant appeals his conviction by jury of accessory after the fact to homicide in violation of 18 U.S.C. § 3. The charges arose from the murder of prison inmate Anthony Chester Cundiff in the chapel in the El Reno Federal Reformatory. Inmates Rose, Adcox, and appellant were indicted for the killing. Appellant was also indicted in a second count as an accessory after the fact.

Inmate Rose supplied the following testimony as a witness for the prosecution: On the evening of the murder, inmates Rose and Adcox met to discuss an attack on Cundiff. They sought out appellant to include him in the plan. Appellant agreed to lure Cundiff to the chapel where the attack was to take place. Appellant went back to his dormitory to find Cundiff. Appellant and Cundiff arrived at the chapel and a discussion ensued inside the chapel among Adcox, appellant, and Cundiff. Rose, acting as a lookout, remained outside the chapel. Rose heard a scream and reentered the chapel. He saw Adcox straddling Cundiff while appellant stood approximately six feet away. Adcox then struck and killed Cundiff with a lead pipe which was identified as the murder weapon by Rose.

James P. Fossum, Special Agent for the FBI, who investigated the prison slaying, testified for the Government that he interrogated appellant two days after the slaying. He stated that appellant told him that he (appellant) and Cundiff had been talking about going to a meeting at the chapel. Appellant told the agent that they went to the chapel and were attacked by three individuals. Appellant said that the individuals wore masks which he described in detail, and he could not identify them.

Appellant was charged with homicide, in violation of 18 U.S.C. § 1111(a), and in a second count with accessory after the fact, in violation of 18 U.S.C. § 3. He was acquitted of the murder charge and convicted on the accessory count.

His first argument for reversal of the accessory conviction is that the Government failed to prove the elements of the crime. Appellant concedes that the trial court correctly instructed the jury that the elements of the crime of accessory after the fact are that a felony has been committed; the defendant had actual knowledge of the participants in the crime; and with such knowledge the accused in some way assisted the participants in order to hinder or prevent their apprehension, trial, or punishment. Appellant argues that there was no proof of the second and third elements.

On appeal of a criminal conviction, this court, of course, must view the evidence in the light most favorable to the Government to ascertain if there is sufficient substantial proof, direct or circumstantial, from which a jury might find the defendant guilty beyond a reasonable doubt. *United States v. Addington,* 471 F.2d 560 (10th Cir.); *United States v. Twilligear,* 460 F.2d 79 (10th Cir.).

The testimony of inmate Rose provides direct evidence that appellant was present at the scene of the fatal beating and was aware of the identity of the participants in the crime. Proof of the second element of the charge is therefore satisfied. Agent Fossum testified that appellant told him that there were three attackers, that they wore masks, and that he could not identify them. Such testimony is substantial proof of the third element of the crime. The jury verdict is supported by sufficient substantial evidence going to all elements of the crime.

Appellant's second ground for reversal is that it was error for the trial court to deny his motion to require the Government to elect to proceed on either the count charging homicide, or the count charging accessory after the fact. The motion was made during trial after most of the Government's evidence was in on count I, the homicide count, and was later renewed. Rule 8(a), Fed.R.Crim.P., permits joinder of separate offenses in the same indictment if they are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. The standards are therein set out, but no reference is made to relief from such joinder. If a defendant is prejudiced by joinder in an indictment, he may seek a remedy under Rule 14. Granting or refusing a motion under Rule 14 lies within the sound discretion of the trial court. *United States v. Eaton,* 485 F.2d 102 (10th Cir.); *United States v. Earley,* 482 F.2d 53 (10th Cir.). Rule 14 refers to prejudice arising from joinder, and provides the court may require an election, order a severance, or grant other relief.

In *United States v. Van Scoy,* 482 F.2d 347 (10th Cir.), this court held that the offense of bank robbery and the offense of accessory after the fact are based upon "transactions constituting parts of a common scheme," and are sufficiently connected for proper joinder under Rule 8(a). *See United States v. Eagleston,* 417 F.2d 11 (10th Cir.). This court has previously stated that the ordinary rule is that acquittal on one misjoined count cures a misjoinder. In *Gornick v. United States,* 320 F.2d 325 (10th Cir.), no prejudice was shown and a general rule was stated. *See also Latses v. United States,* 45 F.2d 949 (10th Cir.). The application of this general rule cures misjoinder in a variety of instances and circumstances presented in misjoinder cases, especially where no particular reason or basis for prejudice is advanced. The general rule, of course, does not apply where the measure is urged and is applicable. *Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208. There reference is made to the multiplicity of charges in the indictment as embarrassing the defense. We must take this to mean the problems arising from the fact that in the trial the defendant must have to contend with diverse factual situations, different groups of witnesses on different charges, and generally a different theory of the defense for the several charges. This would create the problems which are often discussed which make it difficult for the jury to sort out the evidence pertaining separately to each charge, and the subsequent related prob-

lems with the instructions. *Pointer* thus refers to this kind of "multiplicity," and this is all it refers to. This was not the problem advanced in the prior cases from this Circuit, and is not the problem in the case before us. We have instead two charges easily separated as to proof and instructions (the instructions were not objected to).

■ The reason stated during trial to support the motion to require the Government to elect was that the appellant could not be convicted on both counts. This was advanced on a theory that there was a legal bar to the continued trial on both counts. The Government took the position that there was no such bar to convictions on both counts since they were separate and distinct offenses. The motion was renewed, and the same argument advanced at the close of the Government's case with the addition of a failure of proof point. There are no pretrial motions on this issue, and thus during trial no argument of prejudice was made. Under these circumstances, if the matter arose at all, it was covered by the general rule referred to in *Gornick*. The appellant on this appeal now seeks to raise a new issue—a belated expression of a desire to testify as to one count, but not the other—thus a prejudice argument. This cannot be considered because it comes much too late. *See,* for the applicable standards: *United States v. Williamson,* 482 F.2d 508 (5th Cir.); *Conte v. Cardwell,* 475 F.2d 698 (6th Cir.); *United States v. Lee,* 428 F.2d 917 (6th Cir.); *Blunt v. United States,* 131 U.S.App.D.C. 306, 404 F.2d 1283 and *Baker v. United States,* 131 U.S.App.D.C. 7, 401 F.2d 958.

■ Appellant's third contention on appeal is that the trial judge abused his discretion in imposing a seven-year sentence. He argues that the abuse consisted of imposing sentence without reading the presentence report. The record shows that the trial judge read the presentencing report but simply chose to impose sentence regardless of its contents. And it is well settled that a sentence within the applicable statutory limits will not be disturbed on appeal.

*Roddy v. United States,* 509 F.2d 1145 (10th Cir.); *United States v. MacClain,* 501 F.2d 1006 (10th Cir.). Appellant does not contend that the seven-year sentence is not within the appropriate statutory limits.

AFFIRMED.