942

UNITED STATES

v.

**John W. DAVIS, Jr., 011–58–6584
Air Controlman Airman (E–
3), U.S. Navy.**

**NMCM 92 2213.**

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 26 June 1992.

Decided 29 March 1994.

LT Darryl G. Geary, JAGC, USNR, Appellate Defense Counsel.

LT Mary Grace McAlevy, JAGC, USNR, Appellate Government Counsel.

Before JONES and REED Senior Judges, and LAWRENCE, J.

REED, Senior Judge:

In accordance with his pleas, appellant was convicted at a special court-martial of being an accessory after the fact to larceny and the disobedience of a lawful general order (wrongful possession of a handgun) in violation of Articles 78 and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 878 and 892. The military judge sentenced appellant to confinement for three months, forfeiture of $300.00 pay per month for six months, reduction to pay grade E–1, and a bad-conduct discharge. Pursuant to the terms of a pretrial agreement, the convening authority approved the sentence as adjudged, but suspended confinement in excess of 60 days for a period of 12 months.

On review, appellant assigns seven errors.[1] We will discuss the first three, finding the

1. I. THE MILITARY JUDGE ERRED IN FINDING APPELLANT GUILTY OF THE ADDITIONAL CHARGE WHERE APPELLANT'S ACTIONS DID NOT RISE TO THE LEVEL OF ASSISTANCE REQUIRED IN ORDER TO BE AN ACCESSORY AFTER THE FACT.

II. THE MILITARY JUDGE ERRED IN FINDING APPELLANT'S PLEA TO THE ADDITIONAL CHARGE PROVIDENT WHERE HE

remaining to be without merit. *Weiss v. United States*, —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994).

### FACTS

Appellant and Airman (AN) Starr were leaving the Naval Air Station Jacksonville enlisted club together when Airman Jackson, a friend of AN Starr, agreed to drive Starr and appellant to the base gate in Jackson's car. Appellant got into the front passenger seat and Starr rode in the back. At some point near the gate, base security stopped the car, removed a car bra[2] from the back seat of Jackson's vehicle, and apprehended all of the car's occupants. Appellant and Starr were placed in one base security vehicle and Jackson in another. While sitting in the security vehicle, Starr informed appellant that he had taken the car bra earlier and that he wasn't sure if security saw him steal it. Record at 55, 56. Starr then asked appellant to help him conceal his guilt by telling security that the car bra was already in the back seat when they entered Jackson's car for the ride to the gate. Because appellant considered Starr to be a good friend, and because he had only just met Jackson that evening, he agreed to Starr's request.

Although appellant could not remember his exact statements to base security personnel, he informed the military judge that he had "hinted" that AN Jackson was responsible for stealing the car bra. Appellant remembered "saying something to the effect that [he] didn't know who had [taken] it and that [he and AN Starr] had just asked AN Jackson for a ride, and that he [Jackson] seemed to be in a hurry to get off base." Record at 57 and 58. Prosecution Exhibit 1, a stipulation of fact, indicates that when questioned by investigators, appellant "covered for Starr and implied that he believed AN Jackson was guilty of taking the bra even though he knew it was Starr."

### ANALYSIS

■ In his first assignment of error appellant contends that his plea to the charge of accessory after the fact was improvident where, as a matter of law, his statements to base security personnel regarding the larceny of the car bra were an insufficient basis to support a conviction under Article 78, UCMJ. At issue is whether appellant's lies to investigators satisfy an element of the offense requiring an accused to have "received, comforted, or assisted the offender." Manual For Courts–Martial, United States, 1984 (MCM), Part IV, ¶ 3b.

Appellant initially asserts that his statements constitute nothing more than a mere failure to report an offense, and thus could not satisfy a conviction to the offense of accessory after the fact. *See* MCM, Part IV, ¶ 3c(2), 1984.[3] We disagree with this characterization of appellant's actions.

Appellant went beyond remaining silent with his knowledge of Starr's larceny of the car bra. Appellant admitted that he provid-

FAILED TO ESTABLISH THAT (1) BRIAN STARR'S TAKING OF THE CAR BRA WAS WRONGFUL, (2) THE CAR BRA BELONGED TO TODD E. TRIEBER, (3) THE CAR BRA WAS OF A VALUE OF ABOUT $84.00, AND (4) STARR'S INTENT AT THE TIME OF THE TAKING OF THE CAR BRA [SIC].
III. THE CONVENING AUTHORITY'S ACTION IS AMBIGUOUS IN THAT IT DOES NOT STATE THE DATE ON WHICH THE SUSPENSION PERIOD IS TO BEGIN.
IV. THE COURT–MARTIAL DID NOT HAVE JURISDICTION BECAUSE THE MILITARY JUDGE WAS NOT APPOINTED TO A FIXED TERM OF OFFICE. (CITATION OMITTED.)
V. THIS COURT HAS NO JURISDICTION BECAUSE ITS JUDGES ARE NOT APPOINTED TO FIXED TERMS OF OFFICE. (CITATION OMITTED.)
VI. APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION. (CITATION OMITTED.)
VII. BECAUSE THIS COURT'S JUDGES WERE DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE, THIS COURT HAS NO POWER TO REVIEW APPELLANT'S CASE. (CITATION OMITTED.)

2. A "car bra" is a protective cover that fits across the front of an automobile to protect the car, while in operation, from flying debris.

3. Paragraph 3c(2), part IV, Manual for Courts–Martial (MCM), United States, 1984, provides that "[t]he mere failure to report a known offense will not make one an accessory after the fact." However, such a failure may violate a general order or regulation and thus constitute an offense under Article 92, UCMJ.

ed false or misleading statements, at the request of Starr, for the purpose of "cover[ing] up" Starr's theft of the car bra and to direct the focus of the investigation onto Jackson. Record at 57. Appellant's statements constitute affirmative acts of assistance, not simply a failure to report a larceny.

Appellant next asserts that lying to law enforcement authorities is not the type of assistance contemplated by Article 78, UCMJ. We have found no cases indicating that any military court has considered this issue. Appellant points to two U.S. Court of Appeals cases, *United States v. Lepanto,* 817 F.2d 1463 (10th Cir.1987) and *United States v. Prescott,* 581 F.2d 1343 (9th Cir.1978), which address the issue in the context of the federal accessory after the fact statute, 18 U.S.C. § 3.[4] These cases suggest that lying to law enforcement authorities regarding the *whereabouts* of a suspect will not sustain a conviction under 18 U.S.C. § 3.[5] In *Lepanto,* that court also noted that

[T]he police never told defendant that his brother was suspected of a crime, or was being sought for questioning. Although defendant's statements regarding his brother's whereabouts were clearly intended to mislead the police, it is far from clear

that the imposition of criminal sanctions is justified when the authorities provide no reason whatsoever for their questions.

*Lepanto* at 1468.

In *United States v. Magness,* 456 F.2d 976 (1972), the court held that an accused's false statement to FBI agents that he had not seen for many years the person he allegedly concealed, *standing alone,* could not constitute *"active"* conduct of hiding or concealing contemplated by 18 U.S.C. § 1071.

Federal appellate courts, however, have sustained accessory after the fact convictions, where an accused conceals evidence of a crime by providing false information to law enforcement authorities. *United States v. Triplett,* 922 F.2d 1174 (5th Cir.), *cert. denied,* 500 U.S. 945, 111 S.Ct. 2245, 114 L.Ed.2d 486 (1991); *United States v. Garris,* 616 F.2d 626 (2nd Cir.1980); *United States v. Day,* 533 F.2d 524 (10th Cir.1976), *cert. denied,* 444 U.S. 902, 100 S.Ct. 214, 62 L.Ed.2d 139 (1979).

In *Garris,* the Court was called upon to decide if a sister's repetition of her brother's admission to her of complicity in a robbery was against her penal interest. The Court there held that the admission would be pro-

---

**4.** Appellant notes the distinct similarities between the federal statute and the military one. 18 U.S.C. § 3 provides that

Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment, is an accessory after the fact.

Article 78, UCMJ, 10 U.S.C. § 978, provides that

Any person subject to this chapter who, knowing that an offense punishable by this chapter has been committed, receives, comforts, or assists the offender in order to hinder or prevent his apprehension, trial, or punishment shall be punished as a court-martial may direct.

**5.** The *Lepanto* court noted that the *Prescott* court cited *United States v. Magness,* 456 F.2d 976 (9th Cir.1972); *United States v. Foy,* 416 F.2d 940 (7th Cir.1969), and *Miller v. United States,* 230 F.2d 486 (5th Cir.1956), as support for that proposition.

The courts in *Magness* and *Foy* both held that failure to disclose the location of a fugitive did not constitute "harboring" or "concealing"

as prohibited by 18 U.S.C. § 1071.[*] In *Miller,* the court held that similar conduct did not amount to knowingly and willfully obstructing, resisting, or opposing a process server in violation of 18 U.S.C. § 1501.[**]

*Lepanto* at 1468.

[*] 18 U.S.C. § 1071 provides:

Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined not more than $1,000 or imprisoned not more than one year, or both....

[**] 18 U.S.C. § 1501 provides:

Whoever, knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States, or United States commissioner:

.    .    .    .    .

Shall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

bative in a trial against the sister "for acting as an accessory after the fact ... in violation of 18 U.S.C. § 3 for it show[ed] that *with knowledge* of her brother's offense she concealed from the FBI that she knew how to contact him." *Garris* at 630 (emphasis added).

In *Day*, appellant conceded that the trial court correctly instructed the jury that the elements of the crime of accessory after the fact had been committed: if "the defendant had actual knowledge of the participants in the crime; and with such knowledge the accused in some way assisted the participants in order to hinder or prevent their apprehension, trial or punishment." *Day* at 526. Appellant there argued that there was no proof of the second and third elements. The Court found evidence of the second by testimony from another that the accused was present during the commission of the crime. The court found substantial proof of the third element from the testimony of an investigator that the accused lied when he said he could not identify the assailants who committed the assault. *Day* at 526.

Similarly in *Triplett* the accused lied to investigators about the identity of the person who provided chemicals to set a fire and lied about his own identity and the identity of the actual perpetrator. Such lying was considered to be sufficient to uphold a violation under 18 U.S.C. § 3. *Triplett* at 1180.

The Federal circuits appear to be split on whether merely lying about one's knowledge of the whereabouts of a person, absent more, is sufficient to make one an accessory after the fact. However, where there is assistance to the perpetrator, beyond lying about his identity or whereabouts, with the knowledge that the perpetrator has been involved in a crime, the majority of the Federal circuits are clearly likely to uphold an accessory after the fact conviction.

We note that we are not called upon today to decide whether a simple lie by an accused that he knows nothing of the offense or the offender, without more, would constitute such a person as an accessory after the fact. The Court of Military Appeals has evidenced concern that not every falsehood gives rise to a Federal conviction. *See United States v.*

*Johnson,* 9 C.M.A. 442, 26 C.M.R. 222, 1958 WL 3346 (1958); *United States v. Geib,* 9 C.M.A. 392, 26 C.M.R. 172 (1958); *United States v. Washington,* 9 C.M.A. 131, 25 C.M.R. 393 (1958); *United States v. Aronson,* 8 C.M.A. 525, 25 C.M.R. 29 (1957). These cases were decided by the Court when considering what constitutes a violation of Article 107, UCMJ, 10 U.S.C. § 907, false official statements. The Court has noted that when determining whether a statement is official, the "exculpatory no" doctrine may come into play. The "exculpatory no" doctrine states that when a person merely gives a negative response to a law enforcement agent's question he or she should not be prosecuted under 18 U.S.C. § 1001, which deals with false, fictitious or fraudulent statements or representations. *United States v. Davenport,* 9 M.J. 364, 370 (C.M.A.1980). The Court of Military Appeals has indicated, however, that a statement by an accused that goes beyond a mere denial, as here, and attempts to mislead may warrant a charge under Article 107, UCMJ. *See United States v. Prater,* 32 M.J. 433 (C.M.A.1991); *United States v. Sievers,* 29 M.J. 72 (C.M.A.1989).

The Manual For Courts–Martial provides only a general description regarding the character of actions that Article 78, UCMJ, was designed to prohibit:

(1) *In general.* The assistance given a principal by an accessory after the fact is not limited to assistance designed to effect the escape or concealment of the principal, but also includes acts performed to conceal the commission of the offense by the principal (for example, by concealing evidence of the offense).

MCM, Part IV, ¶ 3c. This provision does not detail any particular type of assistance, but rather focuses on the purpose for which it is rendered. We find this language sufficiently broad to include false statements by an accused intending to conceal the identity of the actual perpetrator of an offense by lying to law enforcement authorities and focusing their investigation on another that the accused knows has not been involved in the crime. It is clear from the record that appellant's statements were proffered for the purpose of hindering the apprehension of Starr

and for focusing the investigation on Jackson, and were of such a character to potentially achieve that goal. As such, appellant's actions properly form the basis of a conviction under Article 78, UCMJ.

■ Appellant contends in his second assignment of error that the military judge erred in finding appellant's plea to accessory after the fact provident. Appellant argues the military judge failed to establish a sufficient factual basis to the underlying offense of Starr's larceny of the car bra. We are convinced that appellant's responses during the *Care* inquiry provide a sufficient factual basis to support his plea of guilty. *United States v. Care*, 18 C.M.A. 535, 40 C.M.R. 247, 1969 WL 6059 (1969), Rule for Courts–Martial 910(e), MCM, United States, 1984.

At the outset, the military judge furnished tailored instructions on the offense which provided:

MJ: ... I want to tell you very precisely what a larceny is so you know.

That is a crime that has, in turn, four other elements, and as I go through these, relate them to what you knew about what this individual named [AN] Starr had done.

So the first element of larceny by him is, that at NAS Jacksonville, Florida, on or about the 28th of December 1991, [AN] Starr wrongfully took certain property; that is, a black car bra from the possession of Todd E. Trieber[;]

The second element of the offense is that the property belonged to Todd E. Trieber;

The third element of the offense is that the property was of a value of about $84;

The fourth element is that the taking by this [AN] Starr was with the intent permanently to deprive Todd E. Tri[eber] of the use and benefit of the property or to permanently appropriate the property to his own use or to the use of someone other than the owner. Do you understand all of that?

ACCUSED: Yes, Sir.

MJ: Does that fairly describe what [AN] Starr did?

ACCUSED: Yes, Sir.

Record at 54. The military judge then elicited from appellant the facts outlined above, including Starr's admission of the theft of the car bra as well as his plan to place the blame upon Jackson.[6] We find the totality of the inquiry provides a sufficient factual basis for appellant's plea. *United States v. Wimberly*, 20 C.M.A. 50, 42 C.M.R. 242, 1970 WL 7057 (1970); *United States v. Sweet*, 38 M.J. 583 (N.M.C.M.R.1993) (en banc).

Finally, the convening authority's action is ambiguous as to when the date that the suspended period of confinement was to begin. This ambiguity is easily resolved by reference to the terms of the pretrial agreement which provides for the period of suspension to run 12 months from the date sentence was adjudged.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge JONES and Judge LAWRENCE concur.

---

6. Appellant also entered into a stipulation of fact which was consistent with the facts elicited from appellant during the *Care* inquiry.