UNITED STATES, Appellee

v.

John W. DAVIS, Jr., Air Controlman
Airman, U.S. Navy, Appellant.

No. 94–1035.
CMR No. 92 2213.

U.S. *Court of Appeals for*
the Armed Forces.

Argued April 4, 1995.

Decided Sept. 21, 1995.

For Appellant: *Lieutenant William M. Schrier*, JAGC, USNR (argued); *Lieutenant Philip L. Sundel*, JAGC, USNR (on brief).

For Appellee: *Lieutenant Andrew J. Waghorn*, JAGC, USNR *(pro hac vice)* (argued); *Colonel J. Composto, USMC, Commander Stephen A. Stallings*, JAGC, USN, *Major Laura L. Scudder*, USMC (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

1. In May and June of 1992, appellant was tried by a special court-martial composed of a military judge alone at Naval Air Station, Jacksonville, Florida. Pursuant to his pleas, he was found guilty of violating a lawful general regulation by wrongfully possessing a firearm and of being an accessory after the fact to another soldier's larceny of private property (with appellant's consent added after findings as to the first charge, R. 42), in violation of Articles 92 and 78, Uniform Code of Military Justice, 10 USC §§ 892 and 878, respectively. He was sentenced to a bad-conduct discharge, confinement and forfeiture of $300.00 pay per month for 3 months, and reduction to pay grade E–1. On September 16, 1992, the convening authority approved the adjudged sentence but, pursuant to a pretrial agreement, suspended confinement in excess of 60 days.

The Court of Military Review[1] affirmed on March 29, 1994. 39 MJ 942.

2. On August 17, 1994, this Court granted review of the following issue:

WHETHER THE COURT BELOW ERRED IN AFFIRMING APPELLANT'S CONVICTION AS AN ACCESSORY AFTER THE FACT FOR LYING BY TELLING SECURITY THAT HE DID NOT KNOW WHO HAD STOLEN A "CAR BRA," AND FOR HINTING THAT SOMEONE OTHER THAN THE ACTUAL THIEF WAS RESPONSIBLE.

We hold that the Court of Military Review did not err when it held that appellant's act of verbally providing false and misleading information concerning a crime to military security police constituted "assist[ance]" to an offender within the meaning of Article 78 of the Code. *See United States v. Marsh,* 13 USCMA 252, 32 CMR 252 (1962).

3. Appellant was charged and pleaded guilty to the following offense under Article 78:

SPECIFICATION: In that [appellant], on active duty, knowing that at Naval Air Station, Jacksonville, Florida, on or about 28 December 1991, Brian Starr, had committed an offense punishable by the Uniform Code of Military Justice, to wit: Article 121, larceny of a car bra of a value of about $84.00, did, at Naval Air Station, Jacksonville, Florida, on or about 28 December 1991, in order to hinder the apprehension of the said Brian Starr, assist the said Brian Starr by lying to Naval Air Station, Jacksonville, security personnel.

4. The Court of Military Review summarized the facts concerning this offense as follows:

Appellant and Airman (AN) Starr were leaving the Naval Air Station Jacksonville enlisted club together when Airman Jackson, a friend of AN Starr, agreed to drive Starr and appellant to the base gate in Jackson's car. Appellant got into the front passenger seat and Starr rode in the back. At some point near the gate, base security stopped the car, removed a car bra [a protective cover] from the back seat of Jackson's vehicle, and apprehended all of the car's occupants. Appellant and Starr were placed in one base security vehicle and Jackson in another. While sitting in the security vehicle, Starr informed appellant that he had taken the car bra earlier and that he wasn't sure if security saw him steal it. Record at 55, 56. Starr then asked appellant to help him conceal his guilt by telling security that the car bra was already in the back seat when they entered Jackson's car for the ride to the gate. Because appellant considered Starr to be a good friend, and because he had only just met Jackson that evening, he agreed to Starr's request.

Although appellant could not remember his exact statements to base security personnel, he informed the military judge that he had "hinted" that AN Jackson was responsible for stealing the car bra. Appellant remembered "saying something to the effect that [he] didn't know who had [taken] it and that [he and AN Starr] had just asked AN Jackson for a ride, and that he [Jackson] seemed to be in a hurry to get off base." Record at 57 and 58. Prosecution Exhibit 1, a stipulation of fact, indicates that when questioned by investigators, appellant "covered for Starr and implied that he believed AN Jackson was guilty of taking the bra even though he knew it was Starr."

39 MJ at 943 (footnote omitted).

— — —

5. Appellant asserts that his guilty pleas must be set aside because his record of trial fails to establish his guilt of being an accessory after the fact in violation of Article 78. He contends that military case law has not addressed whether a servicemember can be an accessory after the fact based on verbal conduct alone. He further argues that "the way in which the federal courts have applied a federal civilian statute which is substantially similar to Article 78, indicates that the federal civilian courts have found that such speech is not enough." Final Brief at 3.

1. *See* 41 MJ 213, 229 n. * (1994).

Accordingly, he concludes that his admission to verbal conduct, even if it "consists of lying to investigators about one's knowledge of the identity of an offender," *id.*, was insufficient as a matter of law to constitute him as an accessory after the fact to Airman Starr's larceny.

6. Article 78 provides:

*Any person* subject to this chapter *who*, knowing that an offense punishable by this chapter has been committed, receives, comforts or *assists the offender in order to hinder or prevent his apprehension*, trial, or punishment shall be punished as a court-martial may direct.

(Emphasis added.)

■ 7. The elements of an accessory-after-the-fact offense as explained in the Manual for Courts–Martial are:

(1) That an offense punishable by the code was committed by a certain person;

(2) That the accused knew that this person had committed such offense;

(3) That thereafter the accused received, comforted, or assisted the offender; and

(4) That the accused did so for the purpose of hindering or preventing the apprehension, trial, or punishment of the offender.

Para. 2b, Part IV, Manual for Courts–Martial, United States, 1984.

■ 8. The military offense of being an accessory after the fact, like its Federal civilian counterpart (18 USC § 3) addresses the rendering of assistance to an offender after a crime so as to hinder or prevent his arrest. *See United States v. Tamas*, 6 USCMA 502, 20 CMR 218 (1955); *United States v. Triplett*, 922 F.2d 1174, 1180 (5th Cir.), *cert. denied*, 500 U.S. 945, 111 S.Ct. 2245, 114 L.Ed.2d 486 (1991); *cf. United States v. Aguilar*, — U.S. ——, ——–——, 115 S.Ct. 2357, 2362–63, 132 L.Ed.2d 520 (1995)

(lying to an investigative agent who might not testify before a grand jury is not obstruction of justice under 18 USC § 1503). Some affirmative conduct is required which must be done in furtherance of the goal of preventing the perpetrator's discovery or apprehension. *See generally* § 242.3 and comments, ALI Model Penal Code, *reprinted in* ALI *Model Penal Code and Commentaries* (Part II) 223 and 235 (1980); W. La Fave and A. Scott, *Substantive Criminal Law* § 6.9 at 171–74 (1986); *accord People v. Sandoval*, 791 P.2d 1211, 1213 (Colo.App.1990). The form or type of assistance prohibited in the military is not limited in the Code or in the Manual for Courts–Martial. *See United States v. Tamas*, 6 USCMA at 509, 20 CMR at 225 (scope of statutory offense must "give full effect to all of its words and phrases"). Moreover, contrary to appellant's suggestion, this Court has approved guilty pleas to this offense based on verbal conduct alone. *See United States v. Marsh*, 13 USCMA at 255, 32 CMR at 255 (verbal advice to offender to get rid of evidence).[2]

9. During appellant's guilty-plea inquiry, he admitted that he engaged in obstructionist action with the intent to protect a criminal offender. He acknowledged that AN Starr had confessed to him that he had stolen the car bra and asked appellant to help him avoid police detection by suggesting AN Jackson had taken it. Appellant also admitted that, when asked by the investigators if he knew who had stolen the car bra, he falsely stated that he "did not know" but that AN Jackson had seemed to be in a hurry to get off base. This conduct clearly went beyond a simple failure to disclose AN Starr's whereabouts or that sailor's involvement in this larceny. He volunteered false and misleading information with the intent to direct the investigators away from AN Starr to AN Jackson. We conclude that this affirmative act of deception is sufficient to constitute assistance within the meaning of Article 78. *Cf. United*

2. We also reject appellant's expansive reading of federal case law. Some federal courts have indicated that lying about a federal offender's whereabouts to a federal officer, without more, does not constitute one as an accessory after the fact to that offender's crime. *See United States v. Prescott*, 581 F.2d 1343, 1353 (9th Cir.1978); *see also United States v. Magness*, 456 F.2d 976 (9th

Cir.1972); *United States v. Foy*, 416 F.2d 940 (7th Cir.1969). However, appellant has not cited any federal cases that have held or suggested that lying to a federal officer about another person's participation in a crime does not constitute that person as an accessory after the fact. *See United States v. Rux*, 412 F.2d 331, 333 (9th Cir.1969); *Hiram v. United States*, 354 F.2d 4 (9th Cir.1965).

*States v. Triplett, supra,* ¶ 8; *United States v. Day,* 533 F.2d 524, 526 (10th Cir.1976) (such conduct along with other physical conduct considered sufficient to establish one as accessory after the fact), *cert. denied,* 444 U.S. 902, 100 S.Ct. 214, 62 L.Ed.2d 139 (1979).[3] Thus, we hold that appellant's guilty pleas were provident.

3. We need not decide today whether lying to a police investigator with the requisite intent about the whereabouts of a criminal violates Article 78, Uniform Code of Military Justice, 10 USC § 878.

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges COX, CRAWFORD, GIERKE, and WISS concur.

We note, as did the Tenth Circuit in *United States v. Lepanto,* 817 F.2d 1463 (1987), and the Court of Military Review below, that appellant's conduct in this case went beyond that line.