[Crim. No. 610. Department One.—July 30, 1900.]

THE PEOPLE, Respondent, v. LEN. GARNETT, Appellant.

CRIMINAL LAW—ACCESSARIES—CONCEALING KNOWN FELONY—PROTECTING PERSON CHARGED—CONSTRUCTION OF PENAL CODE.—Under section 32 of the Penal Code, which provides that "all persons who, after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor and protect the person charged therewith, or convicted thereof, are accessaries," the word "conceal" means more than mere silence or a simple withholding of knowledge that a felony has been committed, and necessarily includes some affirmative act tending toward the concealment of its commission; and the word "charged" imports a formal complaint, information, indictment, or arrest upon a criminal charge, and does not include mere general rumors and common talk that a person has committed a felony.

ID.—ACCESSARY TO GRAND LARCENY — GOOD AND BAD CHARGES IN INFORMATION—VERDICT NOT SUPPORTED—NEW TRIAL.—An information accusing a defendant of being an accessary to the crime of grand larceny, under two charges that he did willfully "conceal" the felony from the magistrate, after full knowledge that it had been committed, and did "harbor and protect" the person who committed the crime, without alleging that such person was "charged with a felony," is insufficient, and amounts to nothing as respects the charge of harboring and protecting such person. Where evidence was introduced under both charges, and both were considered by the jury, a verdict of "guilty as charged in the information" cannot be supported, and a new trial must be granted.

ID.—INSUFFICIENT CHARGE SHOULD BE KEPT FROM JURY.—The insufficient charge in the information should have been kept from the jury, and no evidence should have been allowed thereunder. The case should have been tried upon the sole theory that the defendant was charged with concealing the commission of the felony from the magistrate.

APPEAL from a judgment of the Superior Court of Fresno

County and from an order denying a new trial. *J. R. Webb,* Judge.

The verdict was in the usual form, "guilty as charged in the information." Further facts are stated in the opinion of the court.

Lewis H. Smith, Frank H. Short, and W. D. Crichton, for Appellant.

The words "charged with or convicted of a felony" import that the "charge" must be made in some legal proceeding. (*State v. Duncan,* 9 Port. 260; *Ryan v. People,* 79 N. Y. 598; *Day v. Otis,* 8 Allen, 477.) The word "the" magistrate particularizes the offense of concealing the felony. (25 Am. & Eng. Ency. of Law, 1019, 1020; *Stewart v. Duncan,* 40 Minn. 410.) There must be some positive acts of concealment from the magistrate, which ought to be stated in the information. (Pen. Code, sec. 950; *Jones v. State,* 14 Ind. 120; *Bowles v. State,* 13 Ind. 427.)

Tirey L. Ford, Attorney General, and A. A. Moore, Jr., Deputy Attorney General, for Respondent.

It is sufficient to charge the crime in the language of the statute. Over-nice exceptions are not to be encouraged in cases not touching the life of the defendant. (*Sherban v. Commonwealth,* 8 Watts. 212.[1]) Where, in defining an offense, a statute enumerates a series of acts, either of which, separately or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense. (*People v. Frank,* 28 Cal. 513; *Ex parte McCarthy,* 72 Cal. 385; *People v. Harrold,* 84 Cal. 569; *People v. Gosset,* 93 Cal. 643.) And where the statute enumerates two acts disjunctively, which separately or together may constitute an offense, and the indictment charges both conjunctively, as was done in the information in the case at bar, evidence of both or either will sustain a verdict of guilty. (*People v. Mitchell,* 92 Cal. 590.)

[1] 34 Am. Dec. 460.

GAROUTTE, J.—Defendant was convicted of being an accessary to the crime of grand larceny. Section 32 of the Penal Code, under which he was convicted, reads as follows: "All persons who after full knowledge that a felony has been committed conceal it from the magistrate, or harbor and protect the person charged with or convicted thereof, are accessaries."

The aforesaid section is not as plain and explicit as it might be by any means. At the same time the word "conceal," as here used, means more than a simple withholding of knowledge possessed by a party that a felony has been committed. This concealment necessarily includes the element of some affirmative act upon the part of the person tending to or looking toward the concealment of the commission of the felony. Mere silence after knowledge of its commission is not sufficient to constitute the party an accessary. Again, the word "charged," as used in the section, means a formal complaint, information or indictment filed against the criminal, or possibly an arrest without warrant might be sufficient. Mere general rumors and common talk that a party has committed a felony is wholly insufficient to fill the measure required by the word "charged."

Passing the consideration of other matters found in the information, we find it charging that one Lewis committed the crime of grand larceny, and that defendant Garnett "did, after full knowledge that the said felony had been committed as aforesaid, willfully . . . . then and there conceal said felony from the magistrate, and harbor and protect said Laura Trixie Lewis by aiding and assisting said Laura Trixie Lewis in escaping from the county of Fresno, state of California, and by harboring and concealing said Laura Trixie Lewis from the officers and protecting her from arrest and punishment for the commission of said crime, with the intent and purpose then and there on the part of said Len. Garnett to conceal the crime committed by the said Laura Trixie Lewis from the magistrate, with full knowledge at that time that said Laura Trixie Lewis had committed said crime in the aforesaid manner, and that said crime was a felony."

We find no allegation in the aforesaid information that Lewis was charged with a felony. Hence, that branch of the informa-

tion which charges the defendant Garnett with harboring and protecting her amounts to nothing. By reason of the failure to make this allegation all evidence tending to support this branch of the information should have been kept from the jury, and the case tried on the theory alone that the defendant concealed the commission of the felony from the magistrate. Upon the contrary, evidence was submitted upon both branches of the information, and both branches thereof were considered by the jury. This fact is evidenced by the instructions of the court. For these reasons the case must be remanded for a new hearing. It is impossible to say from the verdict but that the defendant was convicted of being an accessary by reason of his harboring and protecting Trixie Lewis.

This case in principle is identical with *People v. Mitchell,* 92 Cal. 590, and the reasoning of that case is conclusive here. While there the information was defective in both branches, still the principle discussed and decided has equal force and bearing. We do not deem it necessary to consider the various other questions raised by counsel for appellant.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Dyke, J., and Harrison, J., concurred.