People, Complainant and Appellee, *v.* Bermúdez, Defendant and Appellant.

Appeal from the Second District Court of San Juan in a Prosecution for Violation of Section 37 of the Penal Code.

No. 2067.—Decided July 28, 1923.

Accessory—Information—Pleading.—An information filed against an accessory under section 37 of the Penal Code is insufficient if it fails to set forth the acts committed by the defendant for harboring and protecting the principal in a felony and to allege that the person sheltered or concealed had been charged with or convicted of a felony.

The facts are stated in the opinion.

*Mr. R. Martínez Nadal* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

The indictment in this case was brought in on October 16, 1920, and reads in part as follows:

"By this indictment the grand jury for the judicial district of San Juan charges Juan Bermúdez Sánchez with a violation of section 37 of the Penal Code, a felony committed as follows: The said Juan Bermúdez Sánchez, about the months of October, November or December of 1919, in the town of Bayamón, which forms a part of the judicial district of San Juan, wilfully, unlawfully and maliciously, knowing that Jesús Cruz Gómez, alias Chuchú, had committed murder (a felony) upon the person of Juan Fernández, an insular policeman, concealed the said Jesús Cruz Gómez, alias Chuchú, from the authorities and harbored and protected him, thus

permitting him to escape from justice; all of which is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico."

From the bill of exceptions included in the transcript the following is quoted:

"Before the trial the defendant's attorney filed the following demurrer to the indictment: That the acts charged in the indictment do not constitute the crime imputed to the defendant and are not correctly pleaded. After the demurrer had been argued at length by the parties it was overruled by the court. Counsel took exception on the grounds that the indictment merely stated the conclusions of law of the statute applicable and did not set forth the facts showing the acts of the defendant in harboring and protecting Jesús Cruz Gómez; that the indictment did not allege that the said Jesús Cruz Gómez was charged with or had been convicted of murder, and that it did not set forth the acts done by the said Jesús Cruz Gómez."

The trial was proceeded with and the defendant was convicted and sentenced to six months in the penitentiary at hard labor. He appealed to this court, assigning eighteen errors in his brief. The first assignment refers to the question raised by the demurrer transcribed. In discussing it the appellant cites the decision of this Court in the case of *People* v. *Paz*, 12 P. R. R. 98.

In his brief the *Fiscal* admits that the error was committed, based on the jurisprudence laid down by the Supreme Court of California in the case of *People* v. *Garnett*, 129 Cal. 364.

It is inconceivable that after such a clear question had been raised in time the trial was proceeded with. It is not well to build upon a foundation lacking in some of the necessary elements. Demurrers serve to purify the proceedings from their commencement. The district attorney could have acquiesced in the demurrer and if convinced that the defendant had committed the offense charged, he might perhaps have found in the law the proper means of bringing the

charge again upon a solid basis for the trial and the judgment.

In the *Paz Case* Mr. Justice Figueras delivered the opinion of the court and after a careful examination of the jurisprudence expressed himself as follows:

"From this and other rules of allegation there can be no doubt as to the soundness of the doctrine laid down in the first three decisions of the Supreme Court of the State of California, cited above; and in the present case, therefore, the information should have specified that Paz, with full knowledge of the commission of the crime, had concealed it from the authorities, and by what means he did so; and if he harbored or protected the accused as material principal, it should also specify in what particular manner he had committed the act of concealment or protection." *People* v. *Paz,* 12 P. R. R. 98, 108.

In the California case cited by the *Fiscal* the Court held as follows:

"Defendant was convicted of being an accessary to the crime of grand larceny. Section 32 of the Penal Code, under which he was convicted, reads as follows: 'All persons who after full knowledge that a felony has been committed conceal it from the magistrate, or harbor and protect the person charged with or convicted thereof, are accessaries.'

"The aforesaid section is not as plain and explicit as it might be by any means. At the same time the word 'conceal,' as here used, means more than a simple withholding of knowledge possessed by a party that a felony has been committed. This concealment necessarily includes the element of some affirmative act upon the part of the person tending to or looking toward the concealment of the commission of the felony. Mere silence after knowledge of its commission is not sufficient to constitute the party an accessary. Again, the word 'charged,' as used in the section, means a formal complaint, information or indictment filed against the criminal, or possibly an arrest without warrant might be sufficient. Mere general rumors and common talk that a party has committed a felony is wholly insufficient to fill the measure required by the word 'charged.'

"Passing the consideration of other matters found in the information, we find it charging that one Lewis committed the crime of grand larceny, and that defendant Garnett 'did, after full knowledge that the said felony had been committed as aforesaid, willfully * * * then and there conceal said felony from the magistrate, and harbor and protect said Laura Trixie Lewis by aiding and assisting said Laura Trixie Lewis in escaping from the county of Fresno, state of California, and by harboring and concealing said Laura Trixie Lewis from the officers and protecting her from arrest and punishment for the commission of said crime, with the intent and purpose then and there on the part of said Len. Garnett to conceal the crime committed by the said Laura Trixie Lewis from the magistrate, with full knowledge at that time that said Laura Trixie Lewis had committed said crime in the aforesaid manner, and that said crime was a felony.'

"We find no allegation in the aforesaid information that Lewis was charged with a felony. Hence, that branch of the information which charges the defendant Garnett with harboring and protecting her amounts to nothing. By reason of the failure to make this allegation all evidence tending to support this branch of the information should have been kept from the jury, and the case tried on the theory alone that the defendant concealed the commission of the felony from the magistrate. Upon the contrary, evidence was submitted upon both branches of the information, and both branches thereof were considered by the jury. This fact is evidenced by the instruction of the court. For these reasons the case must be remanded for a new hearing. It is impossible to say from the verdict but that the defendant was convicted of being an accessary by reason of his harboring and protecting Trixie Lewis." *People* v. *Garnett,* 129 Cal. 366–7.

By reason of the foregoing and without the necessity of considering the other assignments of error because the first is fundamental and has been shown to have been committed, the judgment appealed from should be

*Reversed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.