EL PUEBLO, DEMANDANTE Y APELADO, *v.* BERMÚDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Distrito Segundo, en causa por infracción al artículo 37 del Código Político.

No. 2067.—Resuelto en julio 28, 1923.

CÓMPLICE—ACUSACIÓN INSUFICIENTE—ALEGACIONES NECESARIAS.—Es insuficiente una acusación formulada contra un cómplice de acuerdo con el artículo 37 del Código Penal cuando en ella no se exponen los hechos que realizó el acusado para dar albergue y protección al autor del delito grave y no se alega que la persona albergada y ocultada había sido acusada o convicta de tal delito grave (*felony*).

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. R. Martínez Nadal.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

La acusación en este caso se formuló el 16 de octubre de 1920 y copiada a la letra, en lo pertinente, dice:

"Mediante esta información el Gran Jurado del distrito judicial de San Juan acusa a Juan Bermúdez Sánchez, de una infracción al artículo 37 del Código Penal, *felony,* cometido del modo siguiente: El referido Juan Bermúdez Sánchez, allá por los meses de octubre, noviembre y diciembre del 1919, en el pueblo de Bayamón, que forma parte del distrito judicial de San Juan, ilegal, voluntaria y maliciosamente, a sabiendas de que Jesús Cruz Gómez, (a) Chuchú, había cometido un delito de asesinato, *felony,* en la persona del policía insular, Juan Fernández, ocultó a dicho Jesús Cruz Gómez (a) Chuchú de las autoridades, guardándole y albergándole y dando lugar a que se escapara de la acción de la justicia, todo lo cual es contrario a la ley para tal caso hecha y prevista y contra la paz y dignidad de El Pueblo de Puerto Rico."

Del pliego de excepciones que forma parte de la transcripción aparece que "el acusado antes de entrar en juicio, por medio de su abogado, formuló contra la acusación la siguiente excepción previa: "Que los hechos tal y como

están alegados en la acusación, no constituyen el delito que se le imputa al acusado, ni están alegados en forma correcta. Discutida ampliamente por las partes esta excepción, fué declarada sin lugar por la corte. El abogado tomó excepción por el motivo de que la acusación no hacía más que vaciar las conclusiones legales del estatuto aplicables y no se exponían los hechos en que consistieron los actos del acusado para dar albergue y protección a Jesús Cruz Gómez, y porque la acusación no alegaba que este Jesús Cruz Gómez estuviera acusado ni convicto de un delito de asesinato, ni se relataban los hechos realizados por dicho Jesús Cruz Gómez.''

Siguió el juicio adelante y el acusado fué declarado culpable y condenado a sufrir la pena de seis meses de presidio con trabajos forzados. No conforme, apeló para ante este tribunal, señalando en su alegato la comisión de diez y ocho errores. El primero se refiere a la cuestión levantada por la excepción previa en la forma que dejamos transcrita. Al argumentarlo invoca la decisión de esta corte en el caso de *El Pueblo* v. *Paz,* 12 D. P. R. 100.

En su informe el fiscal mostró su conformidad con el error cometido, basándose en la jurisprudencia establecida por la Corte Suprema de California en el caso de *The People* v. *Len Garnett,* 129 Cal. 364.

La verdad es que no se concibe cómo habiéndose suscitado en tiempo una cuestión tan clara, se siguió adelante el procedimiento. No debe construirse sobre una base que no contenga todos los elementos necesarios. Las excepciones sirven para purificar los asuntos desde sus comienzos. El fiscal pudo allanarse y si estaba convencido de que realmente se había cometido el delito por el acusado, pudo encontrar tal vez en la ley el medio adecuado para acusar de nuevo presentando una base sólida para el juicio y la sentencia.

En el caso de Paz al emitir la opinión de la corte, después de un cuidadoso estudio de la jurisprudencia, el juez Figueras se expresó así:

"Por esta y por otras reglas de alegación es indudable que es buena la doctrina sentada en las tres primeras resoluciones citadas del Tribunal Supremo del Estado de California; y en el presente caso, por tanto, debió especificar la acusación que Paz, con conocimiento de la comisión del crímen, lo ocultó de las autoridades, por qué medios y si albergó o protegió al acusado como autor material, especificar también de qué manera particular realizó los actos de ocultación o protección." *El Pueblo* v. *Paz*, 12 D. P. R. 99, 109.

Y en el caso de California citado por el fiscal, la corte se expresó del siguiente modo:

"El acusado fué convicto como cómplice en un delito de hurto mayor, por virtud del artículo 32 del Código Penal, que dice así: 'Toda persona que después de tener pleno conocimiento de que se ha cometido un delito grave (*felony*), lo ocultare al magistrado correspondiente, o albergare y protegiere a la persona acusada o convicta del mismo, será considerada cómplice.'

"El artículo transcrito es en manera alguna tan claro ni tan explícito como pudiera serlo. Así también la palabra 'ocultare,' tal como está aquí usada, significa algo más que la mera retención del conocimiento que posea una persona de que se ha cometido un delito grave. Esta ocultación necesariamente incluye como elemento algún acto afirmativo por parte de la persona que tienda o se encamine a guardar secreta la comisión del delito. El mero silencio después de conocida su comisión no es bastante para considerar a la persona como un cómplice. Además, la palabra 'acusada,' como se usa en el artículo, implica una denuncia o acusación formal presentada contra el autor del delito, aunque pudiera ser que un arresto sin mandamiento fuera también suficiente. Simples rumores generales o hablillas corrientes sobre que una persona ha cometido un delito grave son absolutamente insuficientes para colmar la medida exigida por la palabra 'acusada.'

"Dejando a un lado otras cuestiones que surgen de la acusación, encontramos que la misma imputa que una tal Lewis cometió

un delito de hurto mayor, y que el acusado Garnett 'después de tener pleno conocimiento de que dicho delito grave había sido cometido como antes se ha dicho, voluntariamente \* \* \* y entonces y allí ocultó dicho delito al magistrado, y albergó y protegió a dicha Laura Trixie Lewis, ayudando a dicha Laura Trixie Lewis a huir fuera del condado de Fresno, estado de California, y albergando y ocultando a dicha Laura Trixie Lewis de las autoridades y protegiéndola de ser arrestada y castigada por la comisión de dicho delito, teniendo el dicho Len Garnett entonces y allí la intención y el propósito de ocultar al magistrado el crimen cometido por la dicha Laura Trixie Lewis, con pleno conocimiento que entonces tenía de que dicha Laura Trixie Lewis había cometido dicho delito en la forma antes mencionada, y de que el mismo era un delito grave.'

"No encontramos alegación alguna en esta acusación de que Lewis estuviera acusada de un delito grave. Por tanto, aquella parte de la acusación que imputa al acusado Garnett el albergarla y protegerla nada significa. Por razón de la falta de esta alegación toda prueba tendente a sostener esa parte de la acusación debió no ser oída por el jurado y el caso juzgado sobre la teoría única de que el acusado ocultó al magistrado la comisión del delito. Por el contrario, se sometió prueba sobre ambas partes de la acusación, y ambas fueron consideradas por el jurado. Este hecho resulta de las instrucciones de la corte. Por tales razones el caso debe ser devuelto para nuevo juicio. Es imposible, con vista del veredicto, llegar a otra conclusión que no sea la que el acusado fué convicto como cómplice por haber albergado y protegido a Trixie Lewis." *People* v. *Garnett*, 129 Cal. 366-7.

Por virtud de lo expuesto y sin que sea necesario entrar en la consideración de los otros errores señalados por haberse demostrado la existencia del primero que es fundamental, debe revocarse la sentencia recurrida.

*Revocada la sentencia recurrida.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.