[Crim. No. 239. Fourth Appellate District.—March 1, 1933.]

THE PEOPLE, Respondent, v. ROBERT KLOSS et al., Appellants.

Lyman P. Robertson and Don C. Bitler for Appellants.

U. S. Webb, Attorney-General, John D. Richer, Deputy Attorney-General, Elmer W. Heald, District Attorney, and D. H. Wolford, Deputy District Attorney, for Respondent.

BARNARD, P. J.—The facts in this case are practically identical with a part of the facts in the case of *People* v. *Hatfield*, 129 Cal. App. 162 [18 Pac. (2d) 366]. The

evidence indicates that these defendants either disposed of the body referred to in the case just mentioned or assisted in the disposal of the same. In the present case the defendants were charged with being accessories after the fact, under section 32 of the Penal Code. They were tried by a jury and from a judgment of conviction following a verdict and from an order denying a motion for a new trial, this appeal is taken.

The main ground urged for reversal, which we think must be sustained, is that the information does not state facts sufficient to constitute a public offense. The charging part of the information reads as follows: "The District Attorney of the County of Imperial hereby accuses Robert Kloss and John Williams of a felony, to-wit: Violation of Section 32 of the Penal Code of California, to-wit: Accessories after the fact, in that on or about the 10th day of May, 1932, in the County of Imperial, State of California, the said defendants, Robert Kloss and John Williams, who, after having full knowledge that a felony had been committed, the said defendants, Robert Kloss and John Williams, did then and there conceal and harbor the person committing said felony from the magistrate."

Section 32 of the Penal Code, upon which this charge is based, reads as follows: "Who are accessories. All persons, who after full knowledge that a felony has been committed, conceal it from the magistrate, or harbor and protect the person charged with or convicted thereof, are accessories."

Section 32 of the Penal Code sets forth two ways in which the offense there involved may be committed: First, where with full knowledge that a felony has been committed, the crime or the fact of its commission is concealed from the magistrate; second, where with full knowledge that a felony has been committed, the person charged with or convicted thereof is harbored and protected. Without question, a defendant could be charged with committing either one or both of these offenses. Neither of these offenses necessarily involves the other and each of them naturally rests upon acts and circumstances at variance with those upon which the other is based.

In the instant case, some of the elements of each offense are charged but the charge does not include all of the ele-

ments of either. The elements of the two offenses are here so mixed that the resulting charge, to wit, that the defendants concealed and harbored the person committing the felony in question from the magistrate, is in fact a charge of the commission of acts which are not made an offense by the statute. The first offense above mentioned is not charged since there is not even an attempt to allege that the fact of the commission of a felony had been concealed from the magistrate. The allegations are equally insufficient to show the commission of the second offense referred to. It is alleged that the defendants concealed and harbored the person committing the felony from the magistrate. The matter of concealment has nothing to do with the second named offense, and there is no attempt to charge any harboring of the "person charged with or convicted" of the crime. While the elements of the two offenses are combined and confused, the second offense named in the statute is neither charged clearly nor at all. Such harboring as is charged refers to the person committing the crime rather than the person charged or convicted, and is limited by the words "from the magistrate", which is obviously not the intention or meaning of that portion of the statute. In addition, it is not alleged that the person supposed to have been concealed and harbored had been charged with the crime or convicted thereof. (See *People* v. *Garnett,* 129 Cal. 364 [61 Pac. 1114].)

While the offense described in section 32 of the Penal Code may be committed in either of these two ways, it is impossible to say in which of these ways these defendants are charged to have committed the offense. In fact we think they are not charged with any offense at all and that the purported information is void and of no effect. Section 952 of the Penal Code provides that the statement charging an offense may be in the language of the statute "or in any words sufficient to give the accused notice of the offense of which he is accused". In the case before us, there is not merely a slight deviation or trivial omission but there is an absolute failure to either follow the language of the statute or to give any notice to the accused sufficient to enable him to tell with which offense he is charged.

Nor do we think we can say there has been no miscarriage of justice within the meaning of section 4½ of article VI of

the Constitution. In *People* v. *O'Bryan*, 165 Cal. 55 [130 Pac. 1042, 1046], in discussing this provision of the Constitution, the court said: "On the other hand, we do not understand that the amendment in question was designed to repeal or abrogate the guaranties accorded persons accused of crime by other parts of the same Constitution or to overthrow all statutory rules of procedure and evidence in criminal cases. When we speak of administering 'justice' in criminal cases, under the English or American system of procedure, we mean something more than merely ascertaining whether an accused is or is not guilty. It is an essential part of justice that the question of guilt or innocence shall be determined by an orderly legal procedure, in which the substantial rights belonging to defendants shall be respected."

While the enactment of this provision has led to a great liberality, and rightly so in many cases, it can hardly be said that there has been no miscarriage of justice when a defendant is forced to trial upon an information where neither he nor the court can tell with which of two offenses he is charged, and where the language of the statute is not followed, especially where the requirements of the statute, in defining the elements necessary to be charged, are plain, simple and easily complied with.

It has frequently been held that it cannot be said that there is no miscarriage of justice where the reviewing court cannot determine from the record whether or not the defendant would have been convicted, had not the error sought to be excused by this provision of the Constitution been committed. (*People* v. *Van Cleave*, 208 Cal. 295 [280 Pac. 983]; *People* v. *O'Bryan*, *supra*; *People* v. *Sheffield*, 108 Cal. App. 721 [293 Pac. 72, 77]; *People* v. *MacPhee*, 26 Cal. App. 218 [146 Pac. 522].) We are unable to say what the jury might have done in this case had the charge been clear and definite. This depends upon which offense was actually charged. Obviously it was not intended to charge both offenses. If the first was charged the evidence would justify a conviction, and if the second, the reverse is true. The jury may have found the defendants guilty of the second offense, this being the one the information seems to be attempting to allege, in which case the evidence does not sustain the verdict. On the other hand the jury may have

considered the defendants guilty of the first offense named in the statute, although such an offense is plainly not charged. Under such circumstances we are unable to say that there has been no miscarriage of justice within the meaning of the constitutional provision. In our opinion, the information in question fails to state facts sufficient to constitute a public offense and is void.

The judgment and order appealed from are reversed.

Marks, J., and Jennings, J., concurred.

MARKS, J.— This is a motion to dismiss an appeal, under the provisions of section 1 of Rule V of the Rules for the Supreme Court and District Courts of Appeal, for the reason that appellant's opening brief was not filed within the time specified in section 15 of Rule II of the same rules.