STATE OF NEBRASKA, APPELLEE, v. ROLANDER L. BROWN, APPELLANT.

247 N. W. 2d 616

Filed December 1, 1976. No. 40556.

Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and REAGAN, District Judge.

BOSLAUGH, J.

The defendant was convicted of being an accessory after the fact to manslaughter for unlawfully concealing knowledge of the crime. He was sentenced to imprisonment in the Douglas County correctional complex for 5 months. He has appealed and contends that the evidence was insufficient to sustain the conviction.

The record shows that the defendant was present on the evening of September 27, 1975, when his companion, Stephen Carter, fired 5 or 6 shots through the window of an apartment in Omaha, Nebraska. Debra Carter was in the apartment at the time, and one of the shots struck her causing her death.

The defendant and Carter were apprehended later the same night and jailed in connection with a burglary. The defendant did not learn that someone had been killed in the shooting until 2 days later. He discussed the matter with Carter but told no law enforcement official about the incident until he was questioned by detectives on October 3, 1975. At that time he gave the officers a statement concerning the shooting.

The defendant contends that mere passive failure to disclose a crime does not constitute a violation of the statute and that "concealing" requires an affirmative

act such as refusing to disclose the crime after being questioned by a law enforcement officer.

The statute provides in part that, "An accessory after the fact is a person who, after full knowledge that a felony has been committed, conceals it from the magistrate, * * *." § 28-202, R. R. S. 1943.

At common law the crime of misprision of a felony consisted of the failure to report a known felony. 21 Am. Jur. 2d, Criminal Law, § 7, p. 87. However, it is generally held under statutes similar to section 28-202, R. R. S. 1943, that the mere failure to volunteer information about a felony does not constitute a violation of the statute.

In People v. Garnett, 129 Cal. 364, 61 P. 1114, the Supreme Court of California said: "* * * the word 'conceal,' as here used, means more than a simple withholding of knowledge possessed by a party that a felony has been committed. This concealment necessarily includes the element of some affirmative act upon the part of the person tending to or looking toward the concealment of the commission of the felony." See, also, Fields v. State, 213 Ark. 899, 214 S. W. 2d 230; Lowe v. People, 135 Colo. 209, 309 P. 2d 601. We think these cases state the correct rule of law.

It is unnecessary to consider the other assignment of error.

The judgment is reversed and the cause remanded with directions to dismiss the information.

REVERSED AND REMANDED WITH DIRECTIONS.