OPINION OF THE COURT
Michael F. McKeon, J.
Defendant by way of omnibus motion seeks dismissal of two accusatory instruments charging him with resisting arrest and obstructing governmental administration on the ground that the informations are insufficient pursuant to CPL 170.35. At oral argument and in his answering papers, Assistant District *21 Attorney Michael Bass candidly acknowledges the deficiencies contained in the resisting arrest information and consents to a dismissal.
Turning to the obstructing governmental administration charge, defendant argues that the information is deficient in that it fails to set forth evidentiary facts specifying that the official function engaged in by the arresting officers was authorized. The information reads as follows: “On or about August 31, 1999, at Orchard Street in the City of Auburn, New York, the defendant Michael Tillman, a suspect in a narcotics investigation, was stopped along with his codefendant, Ponel Jackson, by Police Officer Anthony for questioning. The defendant ran from the officer, thereby preventing your deponents from conducting an investigation.”
It is necessary that a police officer be engaged in a specific act at the time of the physical interference by a defendant and not just be on duty in order for Penal Law § 195.05 to be applied. (People v Vargas, 179 Misc 2d 236.) However, the barest factual allegation of a specific police function is sufficient. (People v Joseph, 156 Misc 2d 192.) In the case at bar the information alleges that the police officer was conducting a narcotics investigation and that the defendant was a suspect. Despite the dearth of additional allegations, the court concludes that for determining sufficiency of the information as to the specific activity engaged in by the police officer, the factual allegations herein are sufficient.
However, the inquiry does not end there. A question remains whether fleeing a police officer conducting an investigation is within the meaning of physical interference as that term has been defined by the courts.
In People v Case (42 NY2d 98) the Court of Appeals held that the physical interference must be in part physical in nature and that mere words standing alone are insufficient, holding that a CB radio transmission warning to other motorists as to the highway location of a speed check point does not constitute the crime of obstructing governmental administration. The Court of Appeals in the Matter of Davan L. (91 NY2d 88) further held that words coupled with physical action are sufficient to support a charge of obstructing governmental administration where a 15-year-old boy interfered with an undercover narcotics buy after being warned not to get involved, riding his bicycle toward the drug buy location and warning the participants that the cops were coming. (See also, Matter of Carlos G., 215 AD2d 165 [where the Court held that *22 a juvenile delinquency petition charging obstructing governmental administration was sufficient which alleged that a youth punched an officer and yelled obscenities while the officers were attempting to arrest his mother]; People v Jimenez, 138 Misc 2d 867 [where the court held an information sufficient which alleged that the defendants placed themselves between a police officer and a person the police officer sought to question].)
However, this court can find no cases that have expanded the scope to the facts herein. Indeed to the contrary, in People v Offen (96 Misc 2d 147 [cited with approval by the Court of Appeals in Davan, supra]), the court dismissed an obstructing governmental administration information which alleged that the defendant upon being informed that he was to receive a summons for littering, swore at the officers, refused a request for identification and walked away from the officers.
In the case at bar the People rely on an allegation that the defendant, allegedly a suspect, ran from the police officer to satisfy the requirement that the defendant physically interfered with the investigation of the police officer. Running from a police officer is not a crime, although such activity may create rights and duties for police, such as to proceed to obtain a warrant or assuming probable cause to arrest without a warrant, chase and apprehend the defendant, none of which apparently are present here. (People v Offen, supra; see also, People v Howard, 50 NY2d 583.) It is not conduct that constitues the crime of obstructing governmental administration.
As noted in Offen (supra) and by other courts (People v Simon, 145 Misc 2d 518; People v Joseph, supra) this statute should not be interpreted as a catchall type offense with no limit or boundaries in its application. Indeed if the court found this information sufficient, it could open the door to a charge of obstructing governmental administration for simply refusing a police officer’s request to stop and speak to that officer. Such was not the intent of this statute and the court declines to extend its application to the facts herein.
Accordingly, the defendant’s motion is hereby granted and the informations charging the defendant with resisting arrest and obstructing governmental administration are hereby dismissed.