OPINION OF THE COURT
Ronald J. McGaw, J.
Defendant is charged with obstruction of governmental administration in the second degree in violation of Penal Law § 195.05. The defendant is also charged with a city ordinance violation for littering, but that charge is not a subject of the *819 instant motion. Defendant has moved for, inter alia, dismissal of the charge for facial insufficiency. The court will address that issue first.
The accusatory instrument alleges as follows:
“The defendant was in possession of a bottle of hooch beer which was in plain view of this officer. When questioned by this officer as to what his age was he indicated that he was 20 years old. The defendant was told he was being charged with possessing an alcoholic beverage being under twenty one years old and he ran away leading this officer and multiple other officers from the City of Poughkeepsie police department on a foot chase which the defendant ran across the west bound arterial on Mill Street Rt. 44/55 stopping traffic, through local yards and climbing over fences and was finally apprehended in the area of 28 Smith Street.”
The People do not argue that the defendant committed the crime of obstructing governmental administration in the second degree “by means of intimidation, physical force or interference” (Penal Law § 195.05). Rather, the People argue that the defendant obstructed a governmental function “by means of an * * * independently unlawful act.” (Id.) Specifically, the People assert that the defendant could have been charged with, among other things, resisting arrest, and that these uncharged offenses constitute an “independently unlawful act” upon which the charge of obstructing governmental administration in the second degree may be grounded.
In the frequently cited lower court case of People v Offen (96 Misc 2d 147 [Grim Ct, NY County 1978]), a defendant was charged with obstructing governmental administration in the second degree under circumstances very similar to those presented in the instant case. In Offen, a defendant was advised by a police officer that he was to receive a summons for littering. The defendant proceeded to walk away from the officer and locked himself inside his retail store. The defendant was thereafter charged with littering, resisting arrest and with obstructing governmental administration in the second degree. Upon a motion of the defendant, the obstructing charge was dismissed. As stated by Judge Hertz in that case (at 151):
“The section charged (Penal Law, § 195.05) was not designed for this situation. It was, rather, intended to make criminal conduct designed to interrupt or shut down administrative governmental operations. *820 This court fears that there is a tendency to pervert its purpose in the manner disclosed in this case. This Judge would discourage the practice as unnecessary and counterproductive.”
It is the well settled law of this state that walking away, or even running away, from a police officer is not a crime, “although such activity may create rights and duties for police, such as to proceed to obtain a warrant or assuming probable cause to arrest without a warrant, chase and apprehend the defendant * * * .” (People v Tillman, 184 Misc 2d 20, 22 [Auburn City Ct 2000], citing People v Howard, 50 NY2d 583.) The question remains whether a defendant may properly be charged with obstructing governmental administration in the second degree upon the ground that running from the police to avoid arrest is an independently unlawful act. Again in Offen, where the defendant locked himself in a store to avoid arrest, the court stated (at 150-151):
“[I]t is no crime to refuse to open a door to police officers. Such a refusal may create rights and/or duties for law enforcement officials, i.e., to proceed to obtain a warrant to enter and search; or to remove the obstacle by force, as done in this case. Were the law otherwise, it would follow that whenever any barrier is placed in the path of process and I or arrest, this class A misdemeanor (obstructing) could be added. * * * The court notes that armed police officers need no assistance from this statute to enhance their powers. They are empowered to, and here they did, proceed to vindicate the police power by taking such steps as were necessary to enforce submission to that power.” (Emphasis added.)
The Offen case was cited approvingly by the New York Court of Appeals in Matter of Davan L. (91 NY2d 88, 91 [1997]).
In Davan, police officers were conducting an undercover narcotics “buy operation.” During the operation, an officer observed the juvenile defendant slowly and repeatedly circling the block on his bicycle. Another officer approached the youth, identified himself as a police officer, and advised the defendant not to get involved. Nevertheless, the defendant continued to ride his bicycle in the area while yelling (at 90), “cops, cops * * * watch out, Five-0, police are coming.” Despite the apparent lack of direct physical force or physical interference on the part of the defendant, the Court upheld the defendant’s convic *821 tion of obstructing governmental administration in the second degree. As stated by the Court (at 91):
“This Court has held, and it is undisputed on this appeal by the presentment agency, that purely verbal interference may not satisfy the ‘physical’ component under Penal Law § 195.05 (People v Case, 42 NY2d 98, 102; see also, People v Lopez, 97 Misc 2d 124; People v Offen, 96 Misc 2d 147).”
In discussing the specific facts of the Davan case, the Court continued:
“The police activity area was confined and defined, and the juvenile was put on specific, direct notice. There was evidence that he intentionally intruded himself into the specific area of police activity and directed his warnings toward a known criminal activity and assembly at the location identified to the juvenile by the police officer.”
Then, significantly, the Court added:
“There was also evidence that the juvenile caused a physical reaction and dispersal, escalating his conduct into an even more serious physical obstruction of governmental administration, under a plain reading and application of Penal Law § 195.05.” (Emphasis added.)
Thus, in Davan the Court of Appeals appears to have carefully avoided allowing the “independently unlawful act” component of Penal Law § 195.05 to stand on its own. Rather, Davan found that a “physical” component was present in that the defendant was said to have intentionally caused “a physical reaction” which obstructs governmental administration.
As a result of the Davan finding of a “physical” component even where the defendant engaged in no direct physical force or interference, and viewing this in conjunction with Davan’s approving citation of Offen where the defendant’s only physical action was in running away from the police, lower courts are left to ponder whether there remains in Penal Law § 195.05 any “independently unlawful act” element that may exist as the basis of a charge separate and apart from the “physical” component of that statute. Fortunately, the statute itself provides a clue to answering this question.
The crime of “obstruction of governmental administration” was originally a single-degree crime designed and written to apply generally to any person who intentionally obstructs a governmental function “by means of intimidation, physical *822 force or interference, or by any independently unlawful act.” (See Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 195.05, at 239.) Through a series of amendments, the law was eventually subdivided into two degrees, with the original crime being further amended to include three parts. (Id.)
The first part of the current Penal Law § 195.05[1] prohibits the intentional obstructing of governmental administration “by means of intimidation, physical force or interference, or by means of any independently unlawful act.” The term “physical” has been held to modify both the term “force” and the term “interference.” (People v Case, 42 NY2d 98, 99 [1977].) The second part of that statute,[2] however, prohibits obstruction by means of interfering with certain radio, telephone, television or other telecommunications systems “whether or not physical force is involved.” (Emphasis added.) By specifically providing in the second part of the statute that obstruction may be found “whether or not physical force is involved,” it may at least arguably be inferred that the Legislature intended that a “physical” component apply to the entirety of the first part of the statute. Considering the specific wording of the statute, and in light of previous judicial interpretation thereof, it is the opinion of this court that the Legislature did so intend.
Thus, it is the finding of this court that the first part of Penal Law § 195.05 requires a “physical” component in all respects, including as applied to the “independently unlawful act” component of that provision, where “physical” may be broadly defined to include not only direct physical force but also any conduct that intentionally causes a “physical reaction” which can be said to have in turn caused the prohibited obstruction. Such an interpretation, it seems to this court, not only comfortably encompasses the holdings of Davan and Offen, but also provides a bright line (or if not bright, at least a visible line) by *823 which prosecutors and police may be guided in the application of the law.
As to the application of this interpretation of Penal Law § 195.05 to the instant case, the question previously posed now becomes clearer. To wit, can a defendant properly be charged with obstructing governmental administration in the second degree upon the sole ground that running from the police to avoid an arrest is an independently unlawful act? In the opinion of this court, the answer is no. A defendant who runs from the police to avoid arrest could be said to have caused a “physical reaction” in the police, i.e., their chasing him. It might also be logically argued that in giving chase, the police were obstructed in the administration of their governmental function. It does not necessarily follow, however, that such a defendant intentionally caused the obstruction. Rather, if the true intent of the defendant was to elude capture, then it cannot also have been the intent of the defendant to cause an obstruction by having the police give chase. While such a defendant who runs from the police would likely realize that the police might well react by physically giving chase, it is not the defendant’s intent that they do so. Indeed, the defendant would just as soon that they give up and go home. The only genuine intent of such a defendant is to avoid arrest. Of course, a defendant who runs from the police to avoid an authorized arrest can be charged with the crime of resisting arrest, as the criminal intent for that crime would have been met. But such a defendant should not also be charged with obstructing governmental administration in the second degree unless there is alleged some obstructive intent. The nature of the criminal intent necessary for resisting arrest is separate and distinct from that necessary for obstructing governmental administration in the second degree.[3]
Here, the defendant is alleged to have run away from the police after being told that he would be charged with an offense. His actions caused a “physical reaction” in that the police chased him, but it cannot be said that being chased was his intent. Therefore, the accusatory instrument fails to sufficiently *824 allege the charge of obstructing governmental administration in the second degree. Furthermore, the failure to set forth all the elements of the charge amounts to a jurisdictional defect that must be deemed fatal.
Therefore, for the reasons set forth above, the charge of obstructing governmental administration in the second degree is dismissed, leaving only the littering city ordinance charge to be determined.

. The “first part” is defined for this purpose as that part of the statute which states, “A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act * * * .” (Id.)

. The “second part” is defined for this purpose as that part of the statute which states, “or by interfering, whether or not physical force is involved, with radio, telephone, means of television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service * * * .” (Penal Law § 195.05.)

. This court does not mean to suggest by this finding that a defendant may never be charged both with obstructing governmental administration in the second degree and with resisting arrest. Certainly, a defendant may resist an arrest for the obstructing charge and thereby be charged with both. (People v Cacsere, 185 Misc 2d 92 [App Term, 2d Dept 2000].) Furthermore, it is conceivable that a defendant may run from the police for the very purpose of having them give chase in order to obstruct some other governmental activity that was about to take place.