OPINION OF THE COURT
Gerald Harris, J.
*442 The defendant, Kelvin Ferreira, moves, pursuant to CPL 170.30 (1) (a), 170.35 (1) (a), 100.40 and 100.15, to dismiss the three charges contained in the complaint as facially insufficient.
The complaint charges obstruction of governmental administration in the second degree (Penal Law § 195.05), disorderly conduct (Penal Law § 240.20 [1]) and resisting arrest (Penal Law § 205.30). The factual allegations in the complaint may be summarized as follows. The deponent police officer was investigating a shooting to which the defendant and a codefendant were witnesses. The officer “informed” the defendants that they were not to leave the location “as they were essential witness [sic] to deponent’s investigation.” Both defendants refused to comply with the officer’s order, repeatedly attempted to leave the location and began yelling and cursing at the officer. As the officer attempted to arrest the defendants for this “offense,” defendant Ferreira grabbed the officer’s wrist and “turned him away,” thus preventing him from handcuffing the codefendant.
Obstructing Governmental Administration
The People’s boiler plate response to defendant’s motion is unhelpful. As defendant’s motion contends, it is unclear upon what theory the prosecution relies — either that the defendant obstructed governmental administration by not cooperating with the investigation or by walking away after being ordered to stay. Neither theory furnishes adequate legal support for a charge of obstructing governmental administration.
Although criminal responsibility may “attach to minimal interference set in motion to frustrate police activity” (Matter of Davan L., 91 NY2d 88, 91 [1997]), it does so only where a person “intentionally impedes or defeats a governmental function by means of physical force or interference or by means of some independently unlawful act.” (People v Case, 42 NY2d 98, 101 [1977].)
It is a well-settled principle that while the police, under certain circumstances, have the right to request citizens to answer voluntarily questions concerning unsolved crimes, they have no right to compel them to answer. (Davis v Mississippi, 394 US 721 [1969]; Terry v Ohio, 392 US 1 [1968].) As the New York Court of Appeals has held, the failure to stop or cooperate by identifying oneself or answering questions cannot be the predicate for an arrest absent other circumstances constituting probable cause. (People v Howard, 50 NY2d 583 [1980], cert *443 denied 449 US 1023 [1980].) “This is because the failure to answer ‘cannot constitute a criminal act’ ” (People v Howard, supra at 592, citing People v Schanbarger, 24 NY2d 288, 292 [1969]). While the police had the right to make the inquiry, the defendant had a constitutional right not to respond. (People v Howard, supra at 590.)
Since the defendant had no obligation to remain and answer the officer’s questions, it follows that his failure to comply with the officer’s directive not to leave can furnish no alternative basis for arrest.
“[T]he police were not authorized to attempt to detain the defendant because, under the circumstances, they did not possess a reasonable suspicion that the defendant was involved in criminal activity (cf., People v Martinez, 80 NY2d 444; People v De Bour, 40 NY2d 210). Thus, the defendant was free to walk away, and any attempt to detain him was unauthorized (see, People v Howard, 50 NY2d 583, cert denied 449 US 1023).” (People v Lupinacci, 191 AD2d 589, 590 [2d Dept 1993].)*
While walking away or even running from a police officer may create other rights and duties for the police officer, it does not satisfy the requirement that a defendant physically interfered with an investigation being conducted by that officer. (People v Tillman, 184 Misc 2d 20 [Auburn City Ct 2000]; People v Offen, 96 Misc 2d 147 [Crim Ct, NY County 1978]; see also, People v Cameron, 3 Misc 3d 1105[A], 2004 Slip Op 50430[U] [Crim Ct, Kings County 2004]; People v Bryan, 190 Misc 2d 818 [Poughkeepsie City Ct 2002].)
Although there may appear to be certain superficial similarities between this complaint and the indictment in the recently decided First Department case of People v Williams (20 AD3d 72 [2005]), that case is factually distinguishable and not controlling. In Williams, the defendant was charged with hindering prosecution, as defined in Penal Law § 205.50. The trial court dismissed the indictment as legally insufficient. The grand jury minutes showed that the defendant was working in a restaurant at the time of a gunpoint robbery. After the robbery, the defendant called ,the police and gave a description of the robber but neglected to tell the police that she recognized him as her boyfriend.
*444 The Appellate Division reversed and reinstated the indictment. The Court held that a deliberate nondisclosure of the identity of a known felon to the police during a criminal investigation constitutes criminal assistance by deception within the meaning of the hindering prosecution statute.
The instant case is distinguishable for the following reasons. First, the defendant is not charged with hindering prosecution. Second, there is no allegation that the defendant intended to hinder apprehension of a person he knows committed a crime. Third, there is no allegation that the defendant knew the identity of the shooting suspect or affirmatively failed to disclose that information to the police. The Williams court distinguished “between the mere failure to report the commission of a felony to the police . . . and the affirmative act of concealing the identity of a known felon by false statement or material omission” (Williams, supra at 78). The Court concluded that the defendant “crossed the line from mere passive nondisclosure to affirmative concealment of the identity of a known felon.” (Id. at 80.)
While a properly drawn charge arguably might be the basis for alleging the crime of hindering prosecution, the facts alleged in this complaint do not set forth with the requisite legal sufficiency the crime of obstructing governmental administration.
Accordingly, defendant’s motion to dismiss the charge of obstructing governmental administration is granted.
Resisting Arrest
A key element of resisting arrest is the requirement that there be an authorized arrest. Defendant may not be prosecuted for preventing or attempting to prevent his arrest, or that of his codefendant, absent factual allegations from which it might reasonably be inferred that the arrest was authorized. (People v Jensen, 86 NY2d 248 [1995]; People v Peacock, 68 NY2d 675 [1986].)
As already discussed, the alleged actions of the defendants, in refusing to speak with the police and in attempting to leave the area, were lawful and, therefore, could not furnish reasonable cause for defendant’s arrest. Absent such reasonable cause, his arrest was not authorized and the charge of resisting arrest must also be dismissed. (People v Jensen, supra; People v Peacock, supra; Curry v City of Syracuse, 316 F3d 324 [2d Cir 2003].)
*445 Disorderly Conduct
There are no facts alleged in the complaint from which it might reasonably be inferred that the defendant, when he allegedly yelled and cursed, intended to create a public disturbance (as opposed to expressing his displeasure at being detained). Nor are there any factual allegations from which it might be inferred that his actions caused public annoyance, inconvenience or alarm. Indeed, the presence of others, let alone a crowd, is not even alleged. As the Court of Appeals has held, the statute is directed at conduct which goes beyond “individual disputants to a point where they . . . become a potential or immediate public problem.” (People v Munafo, 50 NY2d 326, 331 [1980].)
Furthermore, defendant’s verbal protest of his unlawful detention, which he had a right to dispute, cannot be the basis for a charge of disorderly conduct. Accordingly, the charge of disorderly conduct is dismissed.

 To hold a person as a material witness requires a court order. (CPL 620.20 et seq.)